PANAMA CITY STEVEDORING COMPANY, INCORPORATED, and the AMERICAN MUTUAL LIABILITY INSURANCE COMPANY v. MRS. GEORGIA PADGETT.

6 So. (2nd) 822                                    Special Division A

March 10, 1942

688

Philip D. Beall and Merritt & Brown, for appellants.
B. L. Solomon and Weldon G. Starry, for appellee.
G. T. Whitfield, Jr., as Amicus Curiae.

TERRELL, J.:

In February, 1939, while in the employment of Panama City Stevedoring Company, William Padgett was accidentally killed. His mother, Mrs. Georgia Padgett, applied for compensation under the Workman's Compensation Law but her claim was denied by the Deputy Commissioner. The decision of the Deputy Commissioner was reviewed and affirmed by the Florida Industrial Commission but on appeal to the circuit court, the latter judgment was reversed. This appeal is from the judgment of the circuit court.

It is admitted that the question presented here is whether or not appellee is entitled to the compensation claimed and that such question turns on that of whether or not she was a dependent of William Padgett at the time of his death as contemplated by the Workman's Compensation Law.

The Florida Workman's Compensation Law does not define who are dependents entitling them to compensation thereunder. The decided current of opinion on this point is to the effect that the question of who are dependents is one of fact to be determined by the circumstances of the case. It is settled law that depend-

ency is not supported by moral or statutory obligation of the child to support the parent. It must be shown that the claimant is from physical or mental incapacity or lack of means, dependent on the deceased for support, that actual and substantial support must have been received by claimant from deceased, that such support must be shown to have been made regularly with reasonable expectation to be made in the future and that casual gifts at irregular intervals will not support a claim based on dependency.

The record shows that at the time the claim was made and for eighteen years prior thereto, the claimant made her home with a daughter, Miss Gladys Padgett, at Marianna, Florida, who was her main dependence for support, that besides the deceased, she had a daughter living in Panama City where she visited about three weeks each year and divided that time between said daughter and the deceased, and that deceased furnished her food and entertainment when she visited him. Some casual gifts are shown to have been made by the deceased to the claimant but no contributions of money are shown to have been made by him, nor is it shown that she ever entertained the idea of living with him permanently or relying on him for support. It is shown that she was receiving an old age pension at the time the claim was made and that she owned a home from which she received a modest rental.

Some of the authorities hold that the ultimate test of dependency is reliance by the claimant on the employee's contributions for means of living having regard to the dependent's class and position in life and actual contribution for that purpose. Measured by the test here prescribed, which accords with the best rea-

690

soned opinions, we think the claimant fails to make out a case for dependency as contemplated by the statute. It is shown that her main reliance was on her daughter; she never relied on the deceased, and had other means of support.

For this and the further reason that the finding of the circuit court is not supported by any evidence as to the weekly wages of deceased, an essential prerequisite as required by law, there was no basis to predicate a judgment in her favor so it must be and is hereby reversed.

Reversed.

BROWN, C. J., BUFORD and ADAMS, JJ., concur.