**B. B. CROSS and EMMA ELIZABETH CROSS v. SUMTER COUNTY, a political subdivision of the State of Florida, and THE FLORIDA INDUSTRIAL COMMISSION.**

13 So. (2nd) 219                                    January Term, 1943
May 4, 1943                                            Division B

*Scofield & Scofield,* for appellants.

*James W. West* and *Walter E. Rountree,* for appellees.

SEBRING, J.:

While in the employment of Sumter County, Florida, Joseph Warren Cross, a minor suffered accidental injuries from which he died. It is stipulated by counsel that the claim was compensable. The only question before this Court is whether or not the mother and father were dependents at the time of the death.

The deputy commissioner found partial dependency and made an award to the claimants. The Florida Industrial Commission reversed the award. The Circuit Court of Sumter County affirmed the ruling of the Florida Industrial Commission. The case is here on appeal.

The record shows the the fatal injury occurred on February 24, 1942. At that time the deceased was 16 years of age. He resided with his parents, there being also a younger brother and sister in the family. Prior to the accident, the boy had been attending public school. The school term had closed in January, 1942. The fair implication from the evidence is that he intended to return to school when it resumed in June of the same year. Two years prior to the accident the boy had suffered a severe leg injury which had prevented him from doing manual labor for a considerable period of time. He had recovered sufficiently to do hard work only shortly prior to the close of school in January, 1942. In February, 1942 he had become employed by the County. He had been on the job 11 days when the fatal injury occurred. His first week's wages had been turned over to the father. Before that time all that the father had received from the son were certain small sums derived from selling peanuts and doing odd jobs after school hours. At no time could the contributions made have exceeded the cost of support.

The father was a tenant farmer and odd-job man. It was shown that he was able to work and support the family in accordance with their station in life, although being uneducated and untrained, the money that he could earn was necessarily small. He had been employed as a day laborer

by Sumter County prior to the accident to his son. Before going to work for the County he had had other employment of an unskilled nature, in the community. He had quit his work with the County to take a better job as a meat cutter. At the time of the hearing he was working in a packing house for $16 a week.

The Workmens Compensation Law of Florida F.S.A. Sec. 440.01 et seq., does not define who are compensable dependents. This Court has considered the matter, however, and has determined that before a claimant may be deemed a dependent within the law it must be shown that because of physical or mental incapacity or lack of means actual dependency for support exists; that actual and substantial support has been made regularly; and that there is reasonable expectation that it will be made in the future. It was determined, also, that casual gifts at irregular intervals will not support a claim based on dependency. Panama City Stevedoring Co., Inc., et al., v. Padgett, 149 Fla. 687, 6 So. (2nd) 822.

The evidence fails to show that appellants are dependents within this rule. Therefore, the judgment is affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.