HOMER SHERMAN and GRACE SHERMAN as mother and natural guardian of Corinnia Sherman, Barbara Ann Sherman and Darrell Sherman, v. FLORIDA TAR AND CREOSOTE CORPORATION, HARTFORD ACCIDENT AND INDEMNITY COMPANY and the FLORIDA INDUSTRIAL COMMISSION.

36 So. (2nd) 267                              June Term, 1948
July 13, 1948                                  .  Division A

*Morrice S. Uman,* for appellants. ·

*Macfarlane, Ferguson, Allison & Kelly* and *Walter E. Rountree,* for appellees.

TERRELL, J.:

The facts out of which this case emerged are not in dispute. It is admitted that Allerson E. Sherman died of a compensable injury April 23, 1947, at which time his weekly wages were $41.31. He was a deaf mute, 27 years of age and was living in his father's family which consisted of father and mother, a brother Garvin, 21 years of age, a sister Oriska,

19 years of age, a sister Corinnia, 14 years of age, a sister Barbara Ann, 7 years of age and a brother Darrell, 2 years of age. The father was consistently earning about $135. per month, which he contributed to the family budget. The brother Garvin and the sister Oriska were on their own and contributed regularly to the family budget. The deceased had regularly contributed one-half of his income to his mother as his part of the family expenses. The parents had a modest home, the mother was the family treasurer and paid all the bills from the sources recited.

The father and mother of Allerson E. Sherman filed their claim for a compensation based on the contention that they were his dependents. The claim of the mother was allowed by the Deputy Commissioner but the claim of the father was rejected. The order of the deputy Commissioner was affirmed by the full Commission and their order was on appeal affirmed by the Circuit Court. The mother then filed claim for compensation as natural guardian of the minor children, Corinnia, Barbara Ann and Darrell, contending that they were dependents of the deceased son because of his contribution to the family funds. This claim was denied by the Deputy Commissioner, his order was affirmed by the full Commission and their order was on appeal affirmed by the Circuit Court. This appeal is by the father from the order disallowing his claim and by the mother as guardian of the three minor children from the order disallowing her claim in their behalf.

The question for determination turns on that of whether or not the father and the minor children, Corinnia, Barbara Ann and Darrell are dependents of the deceased son within the terms of the Workmens Compensation Law.

Appellants contend that this question should be answered in the affirmative and rely on section 440.16, Florida Statutes 1941, (Workmens Compensation Law) to support their contention. It is contended in fine that since the statute last cited makes a definite allowance to parents, brothers, sisters and grandchildren on account of dependency, and since the deceased son was contributing regularly to the common family fund for his support the claimants are within the terms of the act entitling them to the compensation as his dependents.

In Panama City Stevedoring Co. Inc. et al. v. Padgett, 149 Fla. 687, 6 So. (2nd) 822, this Court cut the pattern to guide it in determining who are dependents under the Workmens Compensation Law and phrased it as follows:

"The Florida Workmens Compensation Law does not define who are dependents entitling them to compensation thereunder. The decided current of opinion on this point is to the effect that the question of who are dependents is one of fact to be determined by the circumstances of the case. It is settled law that dependency is not supported by a moral or statutory obligation of the child to support the parent. It must be shown that the parent is from physical or mental incapacity or lack of means dependent upon the deceased for support, that actual and substantial support must have been received by the claimant from the deceased, that such support must have been made regularly with reasonable expectation to be made in the future and that casual gifts at irregular intervals will not support a claim based on dependency."

It appears that Homer Sherman, the father of the deceased moved to Florida from Georgia about three years before this litigation accrued, that he was the head of his family, making about $135. per month. It is alleged that the family had a budget of approximately $300. per month to which deceased was contributing about $85., that there were eight members in the family and that the balance of the family budget was contributed by the father and the other members of the family. The funds contributed by the deceased were given to his mother to be expended as she saw fit.

Under this state of facts, there is no theory under which the father could be said to be a dependent of the deceased son. He was of normal mind and brawn, was supporting his dependents and there is not the slightest suggestion that he is in any way incapacitated. As a matter of fact, deceased was under no legal obligation to contribute to the family budget, he made the contribution to his mother to pay his part of the family expenses and could have withdrawn it and moved away at any time. The father is not shown to be without means and there is no showing of support for him by deceased. The

following cases are in line with the case last cited and support this view; Cross et ux. v. Sumter County, et al., 152 Fla. 864, 13 So. (2nd) 219; Stone & Stone, et al., v. Scott, et al., 151 Fla. 21, 9 So. (2nd) 168; Williams Bros. v. Hicks, 155 Fla. 44, 16 So. (2nd) 432.

What has been said with reference to the father's dependence on the deceased son applies as well to the claim of the mother as to dependency in behalf of the three minor children. It is not shown that the deceased contributed one thin dime to the support or education of any of these children or ever acknowledged any duty to do so. If perchance he contributed more to his mother than was necessary for his support and the minor children acquired a benefit from 'it, the contribution was voluntary and became no part of an alleged family "pool." In this we do not infer that a family "pool" may not be created by voluntary agreement of the contributors, but what we do hold is that there is no showing here of such an agreement nor is there any basis in the facts of the case to create one by implication.

A family pool is a species of contract that must have something to stand on besides wishful thinking. Furthermore the parties to it must be conscious that they are in it and contributing to it, else they will not be bound by it. There is no indication that any of the parties here knew of a family pool. There is an old epigram which says: "He who pays the piper is entitled to call the tune." It sounds as if it emanated from some old common law oracle and might appropriately be included in the category of legal maxims but the piper in this case was nothing more than a volunteer who felt morally bound to pull his own weight without the thought of a tune to call.

The chancellor found that there was no evidence to show that the minor children were dependents of the deceased son. We agree to this conclusion and affirm his judgment.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.