DREW, Justice.
The facts in this workmen’s compensation case are undisputed. On November 1, 1953, Donald E. Amsler was killed in. an accident arising out of and in the course of his. employment. This decedent had no dependents surviving him within the definition of our Workmen’s Compensation Act, F.S.A. § 440.01 et seq. His father was appointed administrator of his estate and filed a claim for compensation. This'claim was denied by the Deputy Commissioner'and by the Full Commission.
The only question presented is whether under our Workmen’s Compensation Law an administrator may recover where his decedent died as-'result’ of an accident arising out of and in the course of his employment but left no dependents.
,, Section 440.16(2), F.S.1951, F.S.A., provides in part as follows:
“Compensation, in addition to the above, in the following percentages of the average weekly wages to the following persons entitled thereto on ac- ■ count ■ of dependency upon thfe deceased and in the' following order of preference (subject to the limitation provided in paragraph (c) of § 440.16 (2) below); but such compensation shall be subject to the limits provided in subsection (2) of § 440.12 and shall shall not exceed, for all dependents or persons entitled to compensation, sixty .not exceed, for all dependents or persons entitled to compensation, sixty 'per': cent of the average wage — ”. (Italics added.)'
Subparagraphs (a) through (f) of that Section describe various categories of relationship and the amount to be paid to each. There' is no" specific provision' in this section for payment of compensation in the absence of persons dependent upon the deceased employee. Under the language of the present act, a showing of dependency is prerequisite to recovery of compensation for death of an 1 employee. See Sherman v. Florida Tar & Creosote Corp., 1948, 160 Fla. 696, 36 So.2d 267. Therefore, the claimant here is not entitled to recovery.
The result was otherwise under Section 16(b), Chapter 17481, Acts of 1935, Laws *208 of Florida. That act specifically provided, in part,
“The .total amount of compensation payable under this Section on account of death of an employee shall not exceed 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wage of such employee; - and shall not extend beyond, a .period of 350 weeks-from-the .time qf the, injury.” (Italics added.) . .
This language, particularly the italicized portion, was held to require payment of compensation to the executrix of a deceased employee within the act although he had no dependents. Maryland Cas. Co. v. Sutherland, 125 Fla. 282, 169 So. 679, 682, 683. In that case we observed:
“The act, - [Section 16(b)], Chapter 17481¡ - Acts of 1935, specifically states‘ that- there shall be awarded as compensation on account of the death of an employee an amount which ‘shall not exceed 50 per-centum if no dependents-' of the average weekly wage of such employee; for a period not in excess-of 350 weeks. This language is plain and needs no interpretation.”
However, in 1937, the original Section 16(b), Chapter 17481, supra, was amended by Section 7, Chapter 18413, Acts, of 1937, Laws of Florida. The language used in the amendmept is identical to that portion of Section 440.16(2), F.S.1951, F.S.A., previously quoted., This revision eliminated the provision for payment of compensation “if no dependents” contained in the original Section 1.6(b). By. the same amendment there was added to Section 16(b) a sub-paragraph (7) which provided in substance ■that the, sum of .$500 .shall be paid to .the Florida. Industrial Commission . in cases where a deceased employee under the, act left no dependents. This , latter provision, subparagraph (7) of Section 16(b), supra, was deleted by the enactment of Section 1, Chapter 26966, Acts of 1951, Laws of Florida. This deletion, the claimant contends, in effect-made the law substantially the same as it was at the time of the decision in Maryland Cas. Co. v. Sutherland, supra, so that'the rule of that case must apply. This contention must fail, for, among other things,- the present act does not contain any provision similar to the language of the. 1935 act providing for compensation payment in the amount of “50 per centum if no dependents”. These words clearly were the basis of the decision in Maryland Cas. Co. v. Sutherland, supra.
We have examined the other contentions of claimant arid have found them without merit. . .
Certiorari denied.
ROBERTS; C. J,, and THOMAS and HOBSON, JJ., concur.