85 So.2d 846 (1955)
David ALEXANDER, Petitioner,
v.
PEOPLES ICE COMPANY, Florida Industrial Commission and Hardware Mutual Casualty Company, Respondents.
Supreme Court of Florida. Special Division A.
December 14, 1955.
Rehearing Denied February 29, 1956.
David Lanier, Madison, for petitioner.
William McChesney, Madison, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
DICKINSON, Associate Justice.
This matter is before this court on an application for a writ of certiorari to be directed to the Florida Industrial Commission, the Peoples Ice Company, the employer of the petitioner, and the Hardware Mutual Casualty Company, its carrier.
The facts are very simple. They are these:
Petitioner was employed by Peoples Ice Company. In 1940 he suffered the loss of one eye while employed by another employer. In 1951, while in the employ of Peoples Ice Company, he lost the sight of his other eye through an accident. He claims he is entitled to compensation for 700 weeks, this being the compensation allowed for the loss of both eyes, while his employer and his carrier contend that he is entitled to compensation only for 175 weeks, this being the statutory allowance for the loss of one eye only. There is no question but what the petitioner is totally blind.
The Deputy Commissioner and the Full Commission denied petitioner compensation for 700 weeks, holding in effect that he, having lost the sight of one eye in another employment was thus only partially disabled as a result of his current employment. Hence this application for review.
Section 440.15, subsection (1) (b) provides that a loss of both eyes shall constitute permanent total disability and shall be compensable for not to exceed 700 weeks.
Section 440.15, subsection (5) (c) provides:
"(c) If any employee had a permanent disability not occasioned by an injury resulting from an accident while in the employ of same employer in whose employ he received a subsequent *847 permanent injury, the amount of compensation shall be fixed as follows:
"1. If the permanent injury is one that is classified under subsection (3) of § 440.15, and to the same member and in the same degree, the compensation shall be sixty per cent of the employee's average weekly wage to be paid only during the time he is incapacitated from work on account of said injury but not to exceed the period of time specified in subsection (3) of § 440.15 for the permanent disability."
Section 440.15, subsection (3) (e) provides that in case of disability, partial in character but permanent in quality, the compensation, in addition to that provided by subsection (2) of this section, shall be sixty per cent of the average weekly wages and shall be paid to the employee as follows: "(e) Eye lost, one hundred and seventy-five weeks' compensation."
The crux of this case is whether a person totally blind shall draw compensation for 700 weeks or 175 weeks, the latter time being what the Commission determined governed in this case.
It is difficult for this court to see how there could be any question but what the petitioner has lost both eyes and is totally blind. The act does not make any exception as to when or how one becomes blind or loses both eyes, but only says that compensation shall be payable in the event of total blindness or loss of both eyes. The employer took the employee knowing, for all the record shows, that petitioner had lost one eye and thus only had one eye to lose. An employer takes an employee as he finds him when he employs him, especially with a condition so obvious as the loss of an eye.
This is a new question in Florida, but other courts have passed on the question on their workmen's compensation statutes. This court has said many times that the act should be construed liberally and where doubt exists it should always be resolved in favor of the working man. Thus, and only thus, can he be protected and the purpose of the act fulfilled.
The case of In re Branconnier, 223 Mass. 273, 111 N.E. 792, is decisive on this question. It involved the same factual situation that we have here involved. We adopt it as controlling here. Certainly it is hard to conceive any more total disability than total blindness occasioned by the loss of both eyes.
Hence the writ will issue and the cause be remanded to the Commission for further action not inconsistent with this opinion.
TERRELL, Acting Chief Justice, and O'CONNELL and BUFORD, JJ., concur.