SPOTO, I. C., Associate Judge.
Petitioners, Paul Spellman, Inc., employer, and Glens Falls Insurance Company, carrier, seek to have reviewed the order of the Full Commission affirming the order of the Deputy Commissioner, wherein the respondent, Agnes Spellman, was held to be a dependent of the deceased employee entitled to death benefits under the Florida Workmen’s Compensation Act, F.S.A. § 440.01 et seq.
On February 27, 1957, Donald S. Spell-man died as a result of an injury by accident arising out of and in the course of his employment with Paul Spellman, Inc. He was a single man, living with his mother and two unmarried sisters, and had only been working in that particular job about seven or eight weeks when the fatal accident occurred. During the second world war, deceased was steadily employed and made regular contributions to the support of his mother through the “family pot”, into which each sister regularly contributed a specific amount. However, for the last 12 years decedent only worked sporadically, due to a heart and spinal condition, up until the time he obtained the employment out of which his death occurred.
The testimony indicates that prior to obtaining this steady employment in his brother’s sheet metal plant, decedent earned approximately $10 a week tending a store, about $5 a week renting a family lot for parking space, worked six to eight weeks each year at Christmas time for the post office and did a little yard work. Decedent’s mother testified that while prior to his last job her son’s contributions to the household expenses averaged very small, they were always commensurate with what he earned, and that after he obtained steady work he made regular contributions to the “family pot” of about $10 a week.
The Deputy Commissioner found that respondent, Agnes Spellman, 79 years of age, was partially dependent on her son, Donald Spellman, within the meaning of the Florida Workmen’s Compensation Act, and awarded her $12.50 a week, relying largely on the facts that decedent, although himself usually a partial dependent up until eight weeks before his death, always contributed what he could towards his mother’s sustenance when he did earn some money; that decedent had not missed any time from his last job on account of his health, and was being considered for promotion to a higher paying job with the company.
On review, the Full Commission sustained the order on February 17, 1958, and from this decision the employer and carrier appeal.
There is no question that the mother in this case was and is a dependent, the only question on appeal is whether she was partially dependent on her deceased son.
Petitioners cite as authority and rely upon the case of Panama City Stevedoring Co., Inc., v. Padgett, 1942, 149 Fla. 687, 6 So.2d 822, 823, and quote therefrom:
“Some of the authorities hold that the ultimate test of dependency is reliance by the claimant on employee’s contributions for means of living having regard to the dependent’s class and position in life and actual contribution [from employee] for that purpose”;
and quote from 58 Am.Jur. 685, Section 162:
“As a very general proposition, it may be said that a dependent is one who looked to or relied on the decedent for support and maintenance. Reliance must have been placed upon the deceased employee to provide the applicant for compensation, in some measure or to some extent, with his or her future living expenses.”
Petitioners argue that decedent himself was a dependent for 12 years and until a few weeks before his death, therefore, the claimant could not have relied on him for support whether he did in fact make *664 some contributions the last few weeks of his life or not, and that on account of his health, it was doubtful whether he would continue to work for any great length of time.
Respondents quote at length from the findings of the Deputy Commissioner in Williams Brothers Corp. v. Hicks, 1944, 154 Fla. 44, 16 So.2d 432 (affirmed per curiam), wherein a mother, although mainly supported by her husband, was held to be a partial dependent of her deceased son who made occasional but irregular contributions towards his parents’ support.
They also rely on Sherman v. Florida Tar & Creosote Corp., 1948, 160 Fla. 696, 36 So.2d 267, which involved a deceased son who was contributing to the “family pool” along with his father, who made a larger contribution, and a brother and sister making smaller contributions. The mother was allowed to recover as a partial dependent, although neither the father nor the decedent’s brothers and sisters could so qualify.
The law is well settled that who are “dependents” within Workman’s Compensation Act is a question of fact to be determined by the circumstances of each particular case, and the question here is whether there is any substantial, competent evidence to sustain the findings of the Deputy Commissioner.
We are of the opinion that dependency in fact must be established in order to qualify for death benefits in all cases except those involving a conclusive presumption of dependency. Proof of actual dependency does not necessarily require a showing that the claimant relied on the deceased for the bare necessities of life and without his contribution would have been reduced to destitution; it is sufficient to show that the deceased’s contributions were looked to by claimant for the maintenance of claimant’s accustomed standard of living. Hence a claimant may be dependent although receiving other income from claimant’s own work, from property or from other persons on whom claimant is also dependent. A showing of actual dependency does not require proof that, without decedent’s contributions, claimant would have lacked the necessaries of life. The test is whether his contributions were relied on by claimant to maintain claimant’s accustomed mode of living. See Larson’s Workmen’s Compensation Law, Volume 2, Sec. 63, pages 101-102.
Under our statute, Section 440.16, the dependency status is fixed as of the date of death. The decedent had been working regularly for seven or eight weeks. He had been regularly contributing toward the support and maintenance of claimant, and it can be reasonably assumed that he would have continued to be regularly employed and would continue to contribute to the support of claimant but for his fatal injury. At the time of decedent’s death the claimant was partially dependent upon him.
We have closely examined the record and are of the opinion that the findings of' fact of the Deputy Commissioner are supported by substantial, competent evidence, which accords with logic and reason, and that petitioners have failed to show that the Full Commission departed from the' essential requirements of the law in affirming the order of the Deputy, and, therefore, the petition for certiorari should be and it is hereby denied.
On the motion of the respondent for reasonable attorneys’ fees for services in this court, the amount of $350 is allowed.
ALLEN, Acting Chief Judge, and SFIANNON, J., concur.