117 So.2d 487 (1960)
MacDON LUMBER CO. and Massachusetts Bonding & Insurance Company, Petitioners,
v.
Mrs. Fannie Mae STEVENSON and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
January 27, 1960.
*488 Raymer F. Maguire, Jr., and Maguire, Voorhis & Wells, Orlando, for petitioners.
Edward R. Kirkland, Orlando, for Mrs. Fannie Mae Stevenson; Burnis T. Coleman and Paul E. Speh, Orlando, for Florida Industrial Commission, respondents.
O'CONNELL, Justice.
The employer and carrier are the petitioners for writ of certiorari. The respondent is the mother of William L. Stevenson, who was killed in a compensable accident on the first day of his employment with MacDon Lumber Company.
The respondent, Fannie Mae Stevenson, filed a claim for dependency benefits, under the Workmen's Compensation Act, claiming that she was dependent for support on her deceased son.
After several hearings the Deputy Commissioner who conducted the latter part of the proceedings entered an order finding *489 that the respondent, hereinafter referred to as claimant, was dependent, to the extent of 50%, on her deceased son and ordered the carrier to pay her compensation at the rate of $13.50 for the period of 175 weeks or until the termination of dependency, whichever should occur first.
On application for review before the Full Commission, the order of the Deputy was affirmed as to the finding that claimant was a dependent of the decedent, but was modified as to the period of time in which compensation was to be paid, the period of 175 weeks being increased to 350 weeks. In so doing the Full Commission recited that the Deputy had made the award for only 50% of the maximum time allowable under the statute, Sec. 440.16(2), based on the finding of 50% dependency, and then said:
"* * * There does not appear to be any such provision in Section 440.16, Florida Statutes, for making the award in this fashion. In most cases involving dependency the dependent was only partially dependent upon the deceased employee. The statute explicitly provides that compensation will be paid in certain percentages for a period not to exceed 350 weeks. Accordingly, it is our view that the Deputy Commissioner's Order should be modified by deleting and striking therefrom the payments of compensation for a period of 175 weeks and substitute in lieu thereof, 350 weeks."
In the petition for certiorari now before us, the carrier contends that the order of the Full Commission should be quashed because: (1) the finding of dependency of the claimant on the deceased employee is not supported by competent, substantial evidence which accords with logic and reason, (2) if the claimant was dependent such dependency ceased shortly after the death of the employee, and (3) it was error for the Full Commission to order payment of compensation for 350 weeks on a finding of only 50% dependency by the Deputy.
The respondent claimant contends that the only question before us is whether there is substantial, competent evidence to support the Deputy Commissioner's order and argues that there is.
It is necessary to a determination of the questions presented to consider the evidence presented before the Deputy.
The deceased employee was approximately seventeen and one-half (17 1/2) years of age at the time of the accident causing his death which occurred on September 7, 1957. He had quit school in the spring of 1956 upon reaching his 16th birthday.
Prior to March 1957 he had at all times lived with his father and his mother, the claimant, as a family unit.
In March 1957 he left Florida with his two married sisters and their husbands to go to Rockford, Illinois in search of work. His mother, the claimant, remained in Florida continuing to live with her husband until June 1957 at which time she received a telephone call from one of her daughters in Rockford advising that the deceased employee was ill with appendicitis.
Claimant testified that her husband opposed her going to her son and told her that if she went "to stay the hell there." Nevertheless, claimant went to Rockford and joined her now deceased son remaining there until late August 1957 at which time she returned to Florida for the purpose of effecting a reconciliation with her husband. The deceased employee returned to Florida a few days before the claimant. Both claimant and decedent took up their abode with the husband-father, lived with him several days, and then because of a dispute between claimant and her husband, they moved to an apartment two days before the decedent's death. Claimant testified that when she and her son moved from her husband's home the son agreed to support her.
Immediately after the burial of the son the claimant and her husband became reconciled again and were living together during the proceedings had before the Deputy.
*490 The claimant testified that she was 45 years of age, was in poor health, had not worked recently because of her health, and had no property or income except that which she received from her husband, and prior to his death from her deceased son. She had lived continuously with her husband for twenty-three (23) years, except for the less than three months period she spent in Rockford, Illinois, after going to the sickbed of her deceased son in June 1957.
The claimant's husband was at the time of the hearings, and had been for several years previously, permanently employed earning a minimum salary of $400.00 per month.
Neither his testimony nor that of the claimant established with even the slightest degree of exactitude the amount of monies given to claimant by the husband while they lived together. The husband testified that he gave her as little as he could and the effect of claimant's testimony was that his contributions to her had never been sufficient. Both testified that he had given her no funds while she was in Rockford in the summer of 1957.
As to the support of the claimant by her deceased son, the testimony of all claimant's witnesses was that the son had never been permanently employed prior to his securing the employment which he began on the date of his death. All the testimony reflected that the son had worked at "odds and ends", that he had at various times prior to going to Rockford in March 1957 mowed lawns, had picked up scrap metal, had on an occasion in 1956 worked at a gun club for about two weeks, had on one or more occasions sold ice cream products as a peddler on a commission basis, and had on a few occasions cleaned trailers at his father's place of employment.
The claimant and her witnesses testified that prior to the son's going to Rockford in search of work he always gave to the claimant all of his earnings, and if she didn't need all of it she would return some to him for spending money.
The testimony was that while the son was in Rockford he lived with one or the other of his married sisters and that he continued to send a part of his earnings to the claimant. After the claimant joined her deceased son in Rockford the testimony was to the effect that they lived with one or the other of the deceased son's sisters. During her stay in Rockford the claimant testified that she did housework for others for a total of about four weeks, earning about $20.00 per week.
At no place in the record is there any testimony which indicates with any reasonable degree of accuracy how much the deceased son earned at any time, or how much he contributed to his mother, the claimant. It was testified that during his stay, of some twenty-two weeks, in Rockford, Illinois, he worked for three employers. The carrier placed in evidence the depositions of two of these employers. One was a firm called Manpower, Inc. The manager of this firm testified that the decedent had worked for him only on one occasion and had been paid the total sum of $11.55. The second employer was a Mrs. Neiman from whom one of the decedent's sisters rented a home or apartment. Mrs. Neiman testified that she never employed the decedent but that three or four times she gave "him a quarter to go to the show, to water the grass, to wipe the car off." The third employer for whom claimant's witnesses testified he worked during this period was one Earl Johnson who could not be located, but the most favorable testimony was that decedent had worked for this alleged employer for two weeks for an undisclosed salary.
We have searched the testimony of all the witnesses and have found no evidence which indicates what the claimant's financial requirements or budget were, and how much of the budget was made up of contributions from the decedent. Further, the record reveals that the husband-father felt no further financial responsibility for the son after he quit school yet there is no evidence to show, or from which an inference could reasonably be drawn, that the son contributed *491 to the claimant a sum even sufficient to defray the cost of his own support and expenses. It is clear from the record that at all times, except from March to June 1957, the decedent gave the claimant all his earnings and that she, using these funds and those received from her husband, supported herself and the decedent.
The claimant testified that she would "imagine", that for the twenty-two (22) weeks her son spent in Rockford, his total earnings would be a "couple of hundred dollars." One of the sisters with whom decedent lived in Rockford estimated that the decedent made about $100.00 while he was there.
Assuming that the decedent earned $200 during this 22 week period, his earnings would be less than $10 per week, a sum insufficient to support himself.
Next, we must measure these facts by the applicable law to determine if they will support a finding of dependency of the claimant.
In Panama City Stevedoring Co. v. Padgett, 1942, 149 Fla. 687, 6 So.2d 822, at page 823, this Court speaking through Justice Terrell said:
"The Florida Workmen's Compensation Law does not define who are dependents entitling them to compensation thereunder. The decided current of opinion on this point is to the effect that the question of who are dependents is one of fact to be determined by the circumstances of the case. It is settled law that dependency is not supported by moral or statutory obligation of the child to support the parent. It must be shown that the claimant is from physical or mental incapacity, or lack of means, dependent on the deceased for support, that actual and substantial support must have been received by claimant from deceased, that such support must be shown to have been made regularly with reasonable expectation to be made in the future and that casual gifts at irregular intervals will not support a claim based on dependency."
This statement of the law on this point is still the basic law in this State on the question of dependency in proceedings such as now before us.
As we view it, the above quoted statement of the law presupposes that the deceased is one capable of supporting himself and in addition thereto of contributing to the support of another. If this were not so it could lead to the ridiculous situation wherein one who is himself a dependent is found to be a person on whom another is dependent.
We think the holding of this Court in Cross v. Sumter County, 1943, 152 Fla. 864, 13 So.2d 219, supports this view. In the last cited case, which held the father and mother of the deceased minor not to be dependents of the child, this Court, 13 So.2d on page 220, said of the deceased:
"* * * In February, 1942, he had become employed by the County. He had been on the job 11 days when the fatal injury occurred. His first week's wages had been turned over to the father. Before that time all that the father had received from the son were certain small sums derived from selling peanuts and doing odd jobs after school hours. At no time could the contributions made have exceeded the cost of support." (Emphasis ours)
In support of this are two of the recognized authorities. Schneider in his text on Workmen's Compensation (9 Schneider on Workmen's Compensation, § 1901, p. 5) states the general rule to be that:
"If a son pays the mother no more than the reasonable value of his board and lodging, she is generally not considered dependent upon him for support."
Larson, in his work, Vol. 2, Section 63.12, page 104, says:

*492 "* * * [I]t has been frequently held that if the decedent's contribution is offset by the value of the board and room received, he is doing no more than to `pull his own weight'; he is merely supporting himself, with nothing left over to represent support of dependents."
Two other statements of law deserve attention before we begin to measure the facts of this case by the law. Both are statements contained in Moorer v. Putnam Lumber Co., 1943, 152 Fla. 520, 12 So.2d 370. At page 373 of 12 So.2d the Court said:
"* * * Actual dependency must be shown and it is not sufficient to show an expectancy of future contributions; * * *."
and
"* * * The * * * burden of establishing by competent testimony (a) dependency and contributions by the deceased to the claimant at the time of death rested on the claimant. * * *"
From the above statements of the law it is clear that a parent, in order to be entitled to receive dependency benefits under the Workmen's Compensation Act, must bear the burden of proving, by competent substantial evidence which accords with logic and reason the following essential elements:
1. That the claimant is for any of the reasons mentioned in Panama City Stevedoring Co. v. Padgett, 149 Fla. 687, 6 So.2d 822, supra, actually a dependent;
2. That the dependency existed at the time of the death of the employee;
3. That the deceased employee must have actually made substantial contributions toward the support of the claimant, an expectation of future contributions not being enough;
4. That such contributions must have been regularly made with reasonable expectation that they would continue to be made in the future;
5. That if the contributions are made by a child to a parent with whom the child is living and from whom the child is receiving board, lodging, or other accommodations of value, it must be shown that the contributions paid the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by the child from the parent; and
6. That what is a substantial contribution sufficient to create actual dependency must in each instance be determined by the extent to which the contributions of the deceased employee enabled the dependent to maintain his or her accustomed standard of living.
Applying the above principles to the evidence submitted in this case we are led to the following conclusions. We think there is sufficient basis for the Deputy Commissioner to have found the claimant to be a dependent and that the dependency existed at the time of the death of the claimant's son, but that there is not competent substantial evidence to support a finding that claimant was dependent on her deceased son. We think the Deputy could have found that the decedent contributed to the claimant as regularly as he worked and in such amounts as he earned and that such contributions could reasonably be expected to continue to be made, but the evidence of how often he worked or the amount of his earnings is not of the substantial character required to support a finding that the contributions were either substantial or regularly made, nor is the evidence sufficient to meet the claimant's burden of showing that the decedent's contributions were adequate to support himself and leave for claimant's use a substantial portion of her requirements for necessities. Under the facts of this case the finding that claimant was dependent *493 on her son does not in anywise accord with logic or reason.
While it may well be that had the decedent lived and continued to work for MacDon Lumber Company for the weekly salary of $54.00 he would have made substantial contributions to the claimant, at the time of his death claimant could only show an expectation that he would do so and this is not enough.
We do not think that the claimant has met the burden of proving the essential facts necessary to a determination of dependency by competent substantial evidence which accords with logic and reason as the term "competent substantial evidence" was defined by this Court in DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, 916, and the authorities therein cited. The Deputy and the Full Commission were in error in finding that claimant was a dependent entitled to compensation.
Because the testimony of claimant and all her witnesses, and the testimony of her husband, was to the effect that no record was kept nor recollection possible by the witnesses, either of the amount of earnings of the decedent or of the contributions to claimant by either the claimant's husband or her deceased son, we see little, if any, reason for further proceedings to be had by the Deputy Commissioner. Yet we do not say such further proceedings should not be had if deemed advisable by the Full Commission. For this reason we feel it necessary to answer the petitioners' question relating to the change, by the Full Commission, of the Deputy Commissioner's order as it dealt with the number of weeks over which compensation was to be paid. To our knowledge this question has not been previously treated by the appellate courts of this State.
As above stated the Deputy in her order, after finding 50% dependency, ordered that full compensation of $13.50, i.e. 25% of decedent's weekly wage of $54.00, be paid for only 175 weeks. The Full Commission modified the order by providing that compensation be paid for the full statutory period of 350 weeks for the reasons quoted in an earlier part of this opinion.
On this question petitioners contend that since the Deputy found claimant to be dependent on decedent only to the extent of 50%, she should be entitled to only 50% of the maximum benefits available for full dependency.
There would appear to be some merit to petitioners' argument since it does appear to be unjust to compel the carrier to pay as much for partial dependency as for full dependency. But benefits paid under the Workmen's Compensation Act are not predicated upon common law or equitable considerations, but solely upon the statute requiring their payment.
As noted by the Full Commission in its order, the statute specifically calls for payment of a certain percentage of decedent's average weekly wage. It makes no provision for payment of a lesser percentage, or for a lesser period of time, for partial dependency.
In 2 Larson's Workmen's Compensation Law, Sec. 64.20, it is noted that in some states an attempt is made to relate the amount payable in benefits to the degree of dependency. Another group of states leaves the amount of benefits to the discretion of the commission. The author lists Florida as being in a third group of states which fix a flat percentage of the weekly wage of the deceased employee as the proper benefit without taking into consideration the degree of dependency. The author calls attention to the flaws in the formulas adopted by the various states, and voices preference for the formula under which the amount of the award is left to the discretion of the commission.
It seems clear from the analysis by Mr. Larson that this State has not chosen to adopt that statutory formula which would permit the Deputy Commissioner to exercise discretion in determining the amount *494 or length of time in which the award is to be paid, as the Deputy sought to do in this case.
Therefore, once the Deputy finds dependency under the applicable rules of law the amount of the compensation and the period in which it is to be paid is inflexibly set by the terms of the statute, and neither the Deputy nor the Full Commission has discretion to vary it.
It is this aspect of the statute which makes reasonable and necessary that the contributions of a deceased employee to the claimant meet the essentials discussed above, else cases in which the deceased employee contributed negligible amounts to the support of a claimant would call for payment of the same benefits as if the support had been whole. We do not believe this was the intent of the legislature.
We therefore conclude that the Full Commission was correct in modifying the order of the Deputy but that it was in error in affirming the order of the Deputy as to the finding of dependency of the claimant. In view of our conclusion we find it unnecessary to answer the third question presented by the petitioners.
For the reasons above expressed the order of the Full Commission is quashed with directions to quash the order of the Deputy Commissioner and for such further proceedings as the Full Commission may deem advisable or necessary.
THOMAS, C.J., and TERRELL, ROBERTS and THORNAL, JJ., concur.