PER CURIAM.
Ollie L. Peterman, Jr., while employed by Floriland Farms, Inc., petitioner, suffered a compensable death which occurred November 7, 19S9, deceased being 16 years of age at the time. His employer’s carrier paid burial benefits promptly, but declined to pay death benefits contending that deceased had no dependents at the time of his death.
When his death occurred, deceased was living with his father as one of the family which consisted of the father, stepmother, a sister Margaret 20 years of age, a sister Margaret Ree, 15 years of age, a sister Ebecca, 9 years of age, a brother Elijah, 9 years of age, a sister Bobbie Jean, 4 years of age, and the deceased, who contributed the contents of his weekly pay envelope, stipulated to be $38.15, to the family budget. It was also stipulated that the father contributed his earnings to the family budget and that he earned about $280 per month, less certain deductions. The father usually returned $10 weekly to the deceased to spend as he pleased. The father furnished the deceased clothing, food and cigarettes and the stepmother did his laundry. The deceased was said to be possessed of a good appetite, common to teenage boys, wore good clothes, but was not in the Beau Brummel class.
February 29, 1960, claim for death benefits was filed on behalf of the family of the deceased’s father. The deputy commis *478 ■sioner entered an order allowing the claim for compensation to the stepmother and four minor children but denied the claim •of the father and Margaret Peterman, the 20 year old sister. The deputy commissioner ruled the wages of the deceased were not increased because of § 440.14(4), Florida Statutes 1959, F.S.A. Application for review on the part of the carrier and cross-application on the part of the claimants were made to the full commission of that part of the deputy commissioner’s ruling with reference to § 440.14(4). The full commission affirmed the ruling of the deputy commissioner. We are confronted with an appeal by certiorari from the order of the full commission.
Petitioners urge several questions in their application for certiorari but the pith of their contention is that it was error to award compensation benefits to the stepmother and the minor brothers and sisters of the deceased account of dependency and because such award is not supported by ■competent and substantial evidence which accords with logic and reason.
On the question of dependency and who are dependents, it is not necessary to say more than this court has said in Panama City Stevedoring Co. v. Padgett, 149 Fla. 687, 6 So.2d 822, and MacDon Lumber Co. v. Stevenson, Fla.1960, 117 So.2d 487. In the case at bar petitioners contend that we have a situation more in key with W. B. Harbeson Lumber Co. v. Anderson, 102 Fla. 731, 136 So. 557; Moorer v. Putnam Lumber Co., 152 Fla. 520, 12 So.2d 370; McCall v. Motor Fuel Carriers, Inc., 1945, 155 Fla. 854, 22 So.2d 153; Paul Spellman, Inc. v. Spellman, Fla.App.1958, 103 So.2d 661; Sherman v. Florida Tar & Creosote Corporation, 160 Fla. 696, 36 So.2d 267, and others.
There are so many points of distinction between these cases and the case at bar that we do not think it can be said to be ruled by them or any of them. This court has many times said that workmen’s compensation cases must be determined by the facts .of the particular case. We have said this so often that it would seem that the facts of the particular case control. Here we have the case of a closely knit family of responsible citizens, all of whom were sensitive to family unity and the family ties. The deceased voluntarily contributed his weekly pay envelope to the family budget which was handled and distributed by the stepmother who looked after the family, kept the children together and gave them every attention that could be contributed by a mother as she knew it. She qualified under the term “good mother” and the deceased was a dutiful son. He was industrious and a boy of good moral fiber. The father was of the same type of citizen.
Account of these and other like considerations, the deputy commissioner treated the family as a unit and permitted the contribution of deceased to be added to the earnings of the father in order that the standard of living be maintained as was its custom. The deputy commissioner had a right to do this and we think the circumstances warranted his doing so in this case. We do not think the cases relied on by petitioners to rebut this course and quoted herein are in point or in any other way succeed in their objective. By the evidence and the circumstances this was a rare case and we can find no criticism of the manner in which it was conducted.
The case is peculiarly factual. The deputy commissioner’s order takes cognizance of the facts and correctly analyzes them, basing his analysis upon the testimony of the witnesses. His order is supported by competent substantial evidence which accords with logic and reason and was approved by the full commission.
The question of whether or not the wages of deceased were increased because of § 440.14(4), Florida Statutes 1959, F.S.A., is not treated or decided in this case but is considered and disposed of in the companion case entitled Peterman et al. v. *479 Floriland Farms, Inc., et al., Fla., 131 So.2d 479.
Petition for certiorari is accordingly denied.
TERRELL, HOBSON, ROBERTS, DREW and THORNAL, JJ., concur.
THOMAS, C. J., and O’CONNELL, J., dissent.