PER CURIAM.
This cause is before us on appeal and cross appeal from a workers’ compensation order awarding compensation to the mother of an employee who was killed in an industrial accident. We affirm in part and reverse in part.
Section 440.16, Florida Statutes, provides for compensation to be paid to those persons found to be dependent upon the deceased at the time of his death. The statute authorizes payment of 25% of the deceased worker’s average weekly wage to a dependent parent, to be paid during the continuance of dependency. Who are “dependents” within the workers’ compensation law is a question of fact to be determined by the circumstances. Panama City Stevedoring Co. v. Padgett, 6 So.2d 822 (Fla.1942). In MacDon Lumber Co. v. Stevenson, 117 So.2d 487 (Fla.1960), the Supreme Court set out six essential elements which must be proved in order for a parent to be entitled to receive dependency benefits under the Workers’ Compensation Act. Applying the MacDon test to the facts at issue, the deputy commissioner found that appellant was a dependent at the time her son was killed and entitled to compensation death benefits. Appellant asserts that the deputy erred, however, in finding that her dependency ceased when she moved in with her daughter on November 10, 1981 and in denying her dependency benefits after that date. The employer/earrier cross appeals the deputy’s initial finding of dependency.
Helen Wright is a 69-year-old widow who moved to Florida in 1973 when health problems prevented her from continuing to babysit in her home in Indiana. She was living with her son, Gerald Wright, on June 7, 1981, when he was killed in an industrial accident. Her only income at the time of his death was $276 per month in Social Security benefits. Before claimant moved in with her son, she had lived in a two-bedroom apartment with her daughter’s family, which included her daughter’s husband and four children, where she shared a bedroom with her granddaughter and contributed $100 per month toward household expenses. In 1980, Gearld rented a 13-room house with five bedrooms and asked his mother to move in with him, his wife, and her. two children by a previous marriage. In August, 1980, Mrs. Wright moved into her son’s house, where she had her own bedroom and living room and contributed $80 per month toward household expenses. In December, 1980, Gearld’s wife left him, taking her two children with her; at his invitation, Mrs. Wright continued to live with her son, contributing $100 a month toward her upkeep.
Mrs. Wright received $10,000 in insurance benefits as a result of her son’s death, but is unable to work due to health problems, and is unable to support herself on her monthly Social Security benefits without help from her family. She was receiving regular support from her son at the time of his death, which support she reasonably expected to continue in the future. The fact that, as a result of her son’s death, she was unable to continue living in his house, was further unable to find independent accommodations within her income, and was therefore forced to return to the less desirable situation of rooming with her daughter’s family, does not sufficiently establish that she is no longer dependent upon her son’s support to maintain the standard of living to which she was accustomed at the time of his death.
The deputy’s finding that appellant was dependent on her son at the time of his death is affirmed; his finding that her dependency ended when she was forced, by economic necessity, to return to living with her daughter, is reversed.
BOOTH, NIMMONS and WIGGINTON, JJ., concur.