435 So.2d 339 (1983)
Carrington WISE, Deceased Employee; Cathy Mitchell, Natural Guardian of Bryan Keith and Felecia Latonya, Dependent Minor Children of Carrington Wise, Deceased Employee, Appellants,
v.
E.L. COPELAND BUILDERS and Aetna Life & Casualty Company, Appellees.
No. AO-129.
District Court of Appeal of Florida, First District.
July 22, 1983.
*341 John Bryant, Jacksonville, for appellants.
John J. Schickel, of Cowles, Coker, Myers, Schickel & Pierce, Jacksonville, for appellees.
ERVIN, Chief Judge.
In this workers' compensation appeal appellants contend the deputy commissioner (d/c) erred in denying dependency benefits to the two illegitimate children of the deceased employee, Carrington Wise. We agree and reverse.
Wise was at the time of the industrial accident, which occurred on July 18, 1980, and his subsequent resulting death, an employee of E.L. Copeland Builders, a Florida construction firm then engaged in an out-of-state project. It was undisputed that Wise's death arose out of and in the course of his employment. Cathy Mitchell, the natural mother of the minor children, Bryan Keith and Felecia Latonya, sought to recover death benefits from the employer/carrier (e/c) on behalf of the two children, then 10 and 12 years old, contending that they were the illegitimate children of the deceased employee, Wise. The unrebutted testimony discloses that Wise had contributed to the support of the children since their birth. Moreover, for some time before his death, Wise had routinely contributed between $50 and $100 per week, and would, at Christmas, contribute an additional $200. When he was in town, he would visit the children, take them out, buy clothes for them, and provide them with spending money. If he was scheduled to be out of town, he would make arrangements for his sister to deliver the money to Mitchell.
At the time of the final hearing, the mother was unemployed, and her children were receiving Social Security survivor's benefits as Wise's dependents. Based on those facts, the d/c concluded that the children were not dependents within the meaning of the Workers' Compensation Act because Wise's death could not be said to have affected their accustomed mode of living. Appellants contend, and we agree, that conclusion was erroneous.
Section 440.16(1)(b), Florida Statutes (1979), provides for the recovery of compensation by "the following persons ... on account of dependency upon the deceased ...: (3) To the child or children, if there is no spouse, 33 1/3 percent for each child." (e.s.) Child is defined, for purposes of the Act, as "... a posthumous child, a child legally adopted ..., and a stepchild or acknowledged illegitimate child dependent upon the deceased. ..." Section 440.02(13), Florida Statutes (1979). Before an illegitimate child may recover dependency benefits it is recognized that two requisite elements must be shown by competent, substantial evidence: (1) acknowledgment of the child as his own by the deceased employee prior to his death, and (2) dependency.
Consistent with the purpose of workers' compensation which is to "provide for the injured workmen, and in [the] event of death..., to provide for their dependents so that the burden will fall on the industry served and not on society," Jones v. Leon County Health Department, 335 So.2d 269, 271 (Fla. 1976), it has been recognized that the burden of proving acknowledgment of illegitimate children for Chapter 440 purposes is not as great as in bastardy or probate proceedings. See 6 E. Davis, Florida Practice: Workers' Compensation § 208 at 324 (1982) [hereinafter: Davis]. As a result, even posthumous illegitimate children have been found to be entitled to workers' compensation death benefits if it is shown that the deceased employee father, prior to his death, had some knowledge of the impending birth and acknowledged paternity of the child en ventre sa mere. See C.F. Wheeler Co. v. Pullins, 152 Fla. 96, 11 So.2d 303 (1942); Ezell-Titterton, Inc. v. A.K.F., 234 So.2d 360 (Fla. 1970). Although the d/c made no specific finding as to acknowledgment, we find there was competent and substantial evidence to support the conclusion that Wise had acknowledged the minor children before his death.
*342 The determination of the issue of dependency, while somewhat more elusive, must also be considered in light of the purposes of the Workers' Compensation Act, as stated in Jones. Any doubts arising must be "resolved in favor of the working man" and in favor of compensation. Alexander v. Peoples Ice Company, 85 So.2d 846, 847 (Fla. 1955). The principal rule is that the dependent relationship must have "existed at the time of the accident," Section 440.16(6), Florida Statutes (1979), and not at some later date (e.s.). Accord Paul Spellman, Inc. v. Spellman, 103 So.2d 661 (Fla. 2d DCA 1958); Moorer v. Putnam Lumber Company, 152 Fla. 520, 12 So.2d 370 (1943). Whether an individual is dependent upon a deceased employee is therefore a question of fact to be determined by the circumstances existing at the time of the industrial accident. See Wright v. Commercial Metals Co., 429 So.2d 826 (Fla. 1st DCA 1983).
Panama City Stevedoring Co., Inc. v. Padgett, 149 Fla. 687, 6 So.2d 822, 823 (1942), provides the following test for determining dependency: "[R]eliance by the claimant on the employee's contributions for means of living[,] having regard to the dependent's class and position in life and actual contribution for that purpose." A claimant's reliance on the decedent's contributions does not mean that without them, "claimant would have lacked the necessities of life, but only that ... [they] were relied on ... to maintain claimant's accustomed mode of living." 2 Larson, The Law of Workmen's Compensation § 63.11(b) at 11-99 (1982) (e.s.) [hereinafter: Larson]. Rephrased: "Proof of actual dependency does not necessarily require a showing that the claimant relied on the deceased for the bare necessities of life and without his contribution would have been reduced to destitution... ." Spellman, 103 So.2d at 664 (e.s.). Contributions need not be in the form of money; they may also include "gifts of the necessities of life", such as food and clothing. Moorer, 12 So.2d at 371. Likewise, no specific timetable for payments need be shown. The periods between contributions may vary as long as such contributions are not merely sporadic or casual. Davis, supra § 206 at 299-300.
In view of the general rules regarding dependency, the record clearly supports the fact that appellants produced competent, substantial evidence in support of their claim. The d/c was evidently persuaded otherwise by testimony to the effect that the mother of the minor children was unemployed, and the children were receiving Social Security survivor benefits of approximately $110 per week at the time of the final hearing. The fact of Cathy Mitchell's unemployment following the death of the employee was irrelevant to the issue of dependency, because dependency is to be determined based on circumstances existing at the time of the industrial accident and not at the time of the hearing. See § 440.16(6), Florida Statutes; Moorer, 12 So.2d at 371. Likewise, the children's later receipt of Social Security benefits could have no bearing on the issue of their dependency upon Wise at the time of the industrial accident and his death.[1]
The general rule, regarding the effect of changes occurring after the status of dependency *343 is established, has been enunciated by Professor Larson as follows:

Once rights as a dependents [sic] under an award have been acquired, the majority  but by no means unanimous  view is that they are not lost by a subsequent change in the dependent's financial position, nor by any change short of the events, such as remarriage or attainment of a specified age, expressly terminating compensation by statute. Getting a self-supporting job, for example, or an inheritance from the deceased or others, or being adopted, or contracting a marriage later annulled, or living with and being supported by a man without benefit of marriage, will not interrupt the right to benefits as a dependent. While this may produce occasional results inconsistent with the spirit and purpose of compensation protection, the administrative convenience of crystallizing of rights as of some definite date once and for all probably counterbalances this objection.
Larson, supra § 64.43 at 11-209  11-213 (e.s.) (footnotes omitted).
As far as dependent children are concerned, it is generally recognized that "a child's right to compensation as a dependent, once established at the time of the employee's death, is not forfeited by the child's subsequently ceasing to be dependent... ." 99 C.J.S. Workmen's Compensation § 147(b) (1958). The general rule may, of course, be abrogated by statutory conditions placed upon the continuation of benefits. Florida's Workers' Compensation Act, for example, specifically states that the dependency of a child "shall terminate with the attainment of 18 years of age, with the attainment of 22 years of age if a full-time student in an accredited educational institution, or upon marriage ... .", unless the child is "physically or mentally incapacitated from earning a livelihood." § 440.16(2), Fla. Stat. (1979). No other statutory limitations or conditions apply to dependent children in Florida, however, and the general rule that subsequent cessation of dependency will not terminate the child's entitlement to benefits therefore applies.
Appellees urge that our recent decision in Terrinoni v. Westward Ho!, 418 So.2d 1143 (Fla. 1st DCA 1982), is persuasive authority for affirming the deputy's order. In Terrinoni, however, the deceased employee's mother sought continuation of dependency benefits despite her receipt of some $155,000 from the deceased's estate. This court recognized the general rule, as set out by Professor Larson, but found it inapplicable in Terrinoni because of the clear, unambiguous language of section 440.16(1)(b)(4), Florida Statutes, which provides that parents are entitled to continued dependency benefits only "during the continuance of dependency". (e.s.) Because no similar condition is placed on the right of children to receive continuing dependency benefits, we decline to apply Terrinoni to the case on review.[2]
*344 Accordingly, we find that the d/c erred in determining the issue of dependency on circumstances existing at the time of the final hearing, rather than at the time of Wise's accident, and in concluding that the minor children were therefore not dependents within the meaning of the Florida Workers' Compensation Act.
The final order is REVERSED and the case REMANDED for further consistent proceedings.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Appellants urge that the d/c erred in treating the Social Security benefits received by the minor children as an "offset" against dependency benefits due under Chapter 440. The final order, however, does not support appellants' position that an offset was made. The d/c merely considered the amounts received as one factor in determining the issue of dependency. As these payments were not being received before Wise's accident and later death, they were, of course, irrelevant to the issue of dependency. Although the issue of whether survivor benefits must be offset against dependency benefits due under Chapter 440 is not before us, we note that section 440.15(10) provides only for an offset of federal benefits against "[w]eekly compensation benefits payable ... for disability resulting from injuries... ." (e.s.) The benefits at issue in this case, however, do not fall within that category of benefits, because they are death benefits as provided for by § 440.16 and not a form of disability or wage-loss benefits under § 440.15. Therefore, the offset provisions of section 440.15(10) are inapplicable.
[2] Appellees also contend that appellants fail to meet the six-part test for dependency set out in MacDon Lumber Co. v. Stevenson, 117 So.2d 487 (Fla. 1960). Under that test, an individual claiming entitlement to dependency benefits must show:

1. That the claimant is for any of the reasons mentioned in Panama City Stevedoring Co. v. Padgett, 149 Fla. 687, 6 So.2d 822, supra, actually a dependent;
2. That the dependency existed at the time of the death of the employee;
3. That the deceased employee must have actually made substantial contributions toward the support of the claimant, an expectation of future contributions not being enough;
4. That such contributions must have been regularly made with reasonable expectation that they would continue to be made in the future;
5. That if the contributions are made by a child to a parent with whom the child is living and from whom the child is receiving board, lodging, or other accommodations of value, it must be shown that the contributions paid the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by the child from the parent; and
6. That what is a substantial contribution sufficient to create actual dependency must in each instance be determined by the extent to which the contributions of the deceased employee enabled the dependent to maintain his or her accustomed standard of living.
Id. at 492.
We reject appellees' position for two reasons: First, we do not find the MacDon test is applicable to situations where children are claiming to be dependents. In MacDon a mother sought to recover dependency benefits after her son was killed. Applying the above criteria, the Florida Supreme Court held the mother was not actually dependent upon the deceased employee and was, therefore, not entitled to benefits. The test has been routinely, and properly, applied in subsequent cases where parents have sought dependency benefits. See Ramer's Feed Inc. v. Fleig, 414 So.2d 17 (Fla. 1st DCA 1982); Wright v. Commercial Metals Co., 429 So.2d 826 (Fla. 1st DCA 1983); Cone Brothers Contracting v. Rogers, 432 So.2d 812 (Fla. 1st DCA 1983). The inapplicability of the MacDon test to situations in which children claim to be dependent lies in the fact that children are above parents in the following statutory order of preference set out in § 440.16(1)(b):
1. To the spouse, if there is no child, 50 percent of the average weekly wage, said compensation to cease upon the spouse's death or remarriage.
2. To the spouse, if there is a child or children, the compensation payable under subparagraph 1. and, in addition, 16 2/3 percent on account of the child or children... .
3. To the child or children, if there is no spouse, 33 1/3 percent for each child.
4. To the parents, 25 percent to each, such compensation to be paid during the continuance of dependency.
5. To the brothers, sisters, and grandchildren, 15 percent for each brother, sister, or grandchild.
(e.s.)
At least one commentator has suggested that, because both children and spouses occupy preferred positions under the above statute, the MacDon test should not apply to those groups seeking dependency compensation. See Davis, supra § 206 at n. 61. We agree and decline to hold children to the strict evidentiary standard for dependency set out in MacDon. Second, even if the MacDon test were applied in this case, we find there is competent, substantial evidence in the record to support the ultimate fact that appellants have met the applicable parts of that test.