394 So.2d 475 (1981)
MELWEB SIGNS, INC., and Kansas Fire and Marine, Appellants,
v.
Earl WRIGHT, Deceased, Mary Wright and Jay Wright, Appellees.
No. SS-119.
District Court of Appeal of Florida, First District.
February 13, 1981.
Rehearing Denied March 18, 1981.
Bernard I. Probst of Walton, Lantaff, Schroeder & Carson, Miami, for appellants.
Edward R. Downing, Miami, for appellees.
MILLS, Chief Judge.
We affirm the award of dependency benefits to the deceased employee's parents by the Judge of Industrial Claims.
Mary and Jay Wright were the parents of Earl Wright, age 20, who died as the result of an admittedly compensable accident on *476 12 October 1976. The son lived with his parents and regularly contributed $225 per month to them. The parents' income as reported on their income tax returns, rounded to the nearest whole dollar, was as follows: 1975, $3,886; 1976, $9,810; 1977, $7,484; and 1978, $5,201. The father retired in 1978 and now receives $355 per month in pension and social security and is on food stamps. The mother was employed until April of 1977 when the company she worked for went bankrupt. At that time, she earned approximately $120 per week.
The parents' oldest son had lived with them and helped with family expenses until he married, and this is what was being done by Earl.
Earl rented his own apartment in June of 1976, paying $160 per month rent, a security deposit of $160, and a utility bill of $35 to $50 per month.
The Judge of Industrial Claims stated in his order that although the tax returns indicate that the parents could have been selfsustaining, more credible testimony indicates that Earl did in fact contribute to his parents' support. Thus, he ruled:
"The claimants are dependents based on all the facts and circumstances presented and pursuant to the statutory law of Florida and the basic decisional law under Panama City Stevedoring Co. v. Padgett, 147 Fla. 687, 6 So.2d 822, which sets forth the criteria for dependency determination."
He specifically held that the evidence that Earl had an apartment and paid for its utilities did not rebut the testimony of the parents that they were partially dependent upon their son for support. We agree.
Workers' compensation law does not require a showing that the claimants were totally dependent on their son, but only that they were partially dependent. MacDon Lumber Co. v. Stevenson, 117 So.2d 487 (Fla. 1960).
In Panama City Stevedoring Co. v. Padgett, supra, the Supreme Court set forth the following test for dependency:
It must be shown that the claimant is from physical or mental incapacity, or lack of means, dependent on the deceased for support, that actual and substantial support must have been received by claimant from deceased, that such support must be shown to have been made regularly with reasonable expectation to be made in the future and that casual gifts at irregular intervals will not support a claim based on dependency.
In this case, there is competent substantial evidence to support the finding that the parents were dependent on their son and that they regularly received the sum of $225 per month for more than a year and expected to continue to receive that amount in the future. Although there were vague references that the son might move out, marry, and cease to contribute to their support, there is no evidence that he had any actual plans to do this. The fact that the parents did not expect that the contributions would continue forever does not negate the fact that they did expect the contributions to continue in the future.
Another factor which must be considered is set forth in MacDon Lumber Co., supra:
That if the contributions are made by a child to a parent with whom the child is living and from whom the child is receiving board, lodging, or other accommodations of value, it must be shown that the contributions paid the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by the child from the parent; ...
Appellants urge that Earl's contributions did not exceed the reasonable value of the board, lodging, or other accommodations received by him from his parents. The record supports a finding to the contrary. Considering the evidence of household expenses, some of which were fixed expenses and others of which would fluctuate based on the number of people present in the household, the evidence supports a finding that the son was paying more than one-half of the expenses of a family of three.
The evidence that Earl was maintaining an apartment elsewhere while living *477 with his parents is more relevant to the question of whether he was dependent on his parents, not whether they were dependent on him. If the evidence is intended to go to the question of the value of the accommodations he received, we point out that the test is not whether he could get room and board and other accommodations somewhere else for the amount he paid, but whether the value of what he received at his parents' home was exceeded by his contributions. We note, for example, that an evaluation of the value of what he received would have to include the fact that living space and expenses were shared, whereas an evaluation of the value of the apartment would not.
The parents' attorney included an application for appellate attorney's fees in the answer brief. This court has held that attorney's fees must be requested by filing a separate motion. Florida Department of Commerce v. Davies, 379 So.2d 1313 (Fla. 1st DCA 1980); Wallace v. Walton Context Building, 383 So.2d 729 (Fla. 1st DCA 1980); Documation, Inc., 390 So.2d 1248 (Fla. 1st DCA 1980). Accordingly, the application for attorney's fee is DENIED.
The order appealed from is AFFIRMED.
McCORD and THOMPSON, JJ., concur.