ROBERT P. SMITH, Jr., Chief Judge.
The employer and carrier in this workers’ compensation case appeal an order requiring them to pay an injured worker’s attorney a $125 fee for attending his deposition, noticed and taken by the employer and carrier before the onset of other contested proceedings. The deputy awarded this attorney’s fee under authority of Section 440.30, Florida Statutes (1979), which independently of the narrow fee allowances in Section 440.34 requires the employer and carrier to pay a fee to the worker’s attending lawyer “if no claim has been filed” at the time the worker’s deposition is taken by the employer and carrier. Here, when the deposition was noticed and taken, the worker had filed with the employer and carrier a *1293 request for wage loss benefits on a paper designated LES Form BCL-13b. Rule 38F-3.18(2), Fla.Admin.Code. We hold this was not the filing of a “claim” shutting off entitlement to a Section 440.30 deposition attorney’s fee. We therefore affirm the deputy’s order requiring the employer and carrier to pay the fee to claimant’s attorney.
Section 440.30, as amended in 1979, provides in part:
Depositions of witnesses or parties . . . may be taken and may be used in connection with proceedings under the Workers’ Compensation Law, either upon order of the deputy commissioner or at the instance of any party or prospective party to such proceedings, and either prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of the claim .... Such depositions may be taken before any notary public, court reporter, or deputy, and the fees of the officer taking the same and the fees of the witnesses . . . shall be the same as in depositions taken for . . . circuit courts. Such fees may be taxed as costs and recovered by the claimant, if successful in such workers’ compensation proceedings. If no claim has been filed, then the carrier or employer taking the deposition shall pay the claimant’s attorney a reasonable attorney’s fee for attending said deposition. (Emphasis added.)
The dispositive issue here is whether “no claim [had] been filed” when the employer and carrier took the worker’s deposition. If no claim had then been filed, then a fee is payable to his attorney for attending the deposition. But if the worker’s claim had then been filed, no fee for those services was payable by the employer and carrier unless and until the worker prevailed on a controverted claim for medical benefits only, or a deputy commissioner determined that the carrier acted in bad faith in handling his claim, causing the worker economic loss, or the worker prevailed on a contested issue of compensability. Section 440.-34(2).
The parties here agree that at the time the employer and carrier took the worker’s deposition the only action the worker had taken arguably amounting to filing a claim was his submission to the carrier of a “request for wage loss benefits” on a form styled “LES Form BCL-13b.” This action was the entirely appropriate first step toward the collection of wage loss benefits under the 1979 amendments, to the Workers’ Compensation Act and the Division’s implementing rules. In order to qualify for the wage loss benefits available under Section 440.15(3)(b), the act requires the worker to report wage losses monthly to the employer. Section 440.185(10). This same provision gives the Division authority to prescribe by rule how such losses should be reported and what forms should be used. The Division’s implementing rules require the worker to report wage losses to the carrier, without simultaneous report to the Division, using the LES Form BCL-13b it has devised. Rule 38 F-3.18(2), Fla.Admin. Code. Then, in accord with Sections 440.-20(4) and (6), the Division’s rules require the employer either to pay the requested wage loss voluntarily and within 14 days or to file with the Division, within 21 days, a notice to controvert the request, denying any right to benefits. Rule 38F-3.18(3), Fla.Admin.Code. The rules are silent concerning the steps a worker should take to establish a claim before the Division if the employer files a notice to controvert a wage loss request, as the employer did here after taking the worker’s deposition.
The employer and carrier contend that the submission of the BCL-13b form to the carrier ended access to Section 440.30 attorney’s fees because the form in several places uses the word “claim” and the Division in another of its rules required that “claims” for wage loss should be filed on the BCL-13b form only. Rule 38F-3.-10(4)(g). They also point out that this court referred to a BCL-13b'form filed with an employer as a “claim” for purposes for assessing “bad faith” attorney’s fees in Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
*1294 We are not persuaded that the bare mention of the word “claim” on this form, and our reference to the form as a claim in an entirely different context, should control our determination of whether submitting the form to the carrier ended a worker’s right to have his deposition taken with an attorney present without cost to him. About the only general observation that can be made about Section 440.30 is that it is an attempt by the Legislature to strike an appropriate balance between two potentially adverse interests: on the one hand, the employer and carrier may have need to evaluate the injured worker’s sworn testimony in its investigation to decide whether to pay or to continue benefits voluntarily; on the other hand, the injured worker has a corresponding need for lawyerly assistance in preparing and giving his testimony, lest he be unduly disadvantaged under questioning by the lawyer for his potential adversaries, should he file a claim.
We are at a loss to conceive how Section 440.30, interpreted as appellants would have it, could ever operate to secure an attorney’s fee for a worker whose deposition is being taken to determine whether he sustained a compensable wage loss. It seems to us that prior to receiving a request for wage loss benefits, an employer is unlikely to know whether the worker is suffering a wage loss, much less whether he will request benefits. We doubt very much that such an employer, blissfully ignorant before receiving the BCL-13b request for benefits, would have any active interest in deposing the injured worker. Yet appellants would have us say that the request informing the employer of the possible need for a deposition also terminates the worker’s right to representation at that deposition at the employer’s expense. This interpretation makes Section 440.30 nonsensically technical even by Chapter 440’s awesome standards of complexity. We decline to nullify the statute in that way.
Chapter 440 does offer some guidance as to when a claim has been filed. Both Sections 440.19(2)(d) and 440.25(1), Florida Statutes (1979), provide that “claims” are to be filed with the Division, as does Florida Workers’ Compensation Rule of Procedure 5. Here the Division was a stranger to activities of the parties until the carrier filed the notice to controvert, since the Division does not receive a copy of the initial BCL-13b wage loss request. In addition, Section 440.25(1), allowing the self-executing features of the Act to work first, provides that no “claim” should be filed until the benefit claimed is due but unpaid. At the time the worker here submitted his request to the carrier, a “claim” would have been premature because the statute gives the carrier 14 days after the submission to pay the benefits. Finally, when a “claim” has been filed, the revised act now imposes affirmative duties on the Division to investigate and within 10 days to make an advisory decision on whether the claimed benefits are due. Section 440.19(1). Obviously, the Division made no such response to the filing of the BCL-13b request with the carrier here, since the Division did not know the request had been made.
The question therefore is put again: when, in a case where the wage loss request is controverted, is a “claim” filed with the Division sufficiently in accord with the provisions above to end the right to attorney’s fees under Section 440.30? We are compelled to the conclusion — -which we readily concede transcends the literal language of the statute — that the claim is filed when the carrier has notified the Division it is controverting the request. Before the filing of a notice to controvert, the worker’s BCL-13b request is just that, an informal inquiry into whether the employer will pay compensation voluntarily without involving the machinery of the Division and administrative proceedings. Once the notice to controvert is filed with the Division, however, the request represents the worker’s assertion of his right to benefits now due. We are not certain from the rules whether the employer gives the Division clear notice of the specifies of this assertion when it files the notice to controvert. But we see no reason why the Division by rule could not require the employer to append a copy of the wage loss request to the notice to controvert filed with the Division.
*1295 The point at which the Division has notice of the asserted right to benefits and must begin its independent investigation appears to us the only logical point at which to end the worker’s attorney’s right to a fee for deposition attendance. Under Section 440.20(10)(b), the Division must investigate, hold hearings, and take other appropriate action when an employer files a notice to controvert claimed compensation. The filing of the notice to controvert in this context also ought to trigger the Division’s responsibility under Section 440.19(1) to render an advisory decision within 10 days.
We also think it is more efficient and consistent with the self-executing thrust of the Act to treat the Form BCL-13b request as transformed into a “claim”, once controverted, than it would be to require the worker to file another request or claim with the Division after the employer has filed a notice to controvert. The worker’s only duty under the Act and the rules is to file the initial BCL-13b form with the carrier. There is no good reason apparent to us to impose any additional burden on the worker when all parties should already have notice of the controversy in question. Should the worker decide at that point to seek some other unrelated benefit, of course, the regular filing of a claim with the Division would be required.
Accordingly, we hold that a worker’s right to attorney’s fees under Section 440.30 ends, if a request for wage loss benefits has been controverted, when the notice of controversy is filed with the Division and the Division must begin its active management of the case. Since the worker’s deposition here was taken before the filing of the notice to controvert the request, the deputy’s award of attorney’s fees is AFFIRMED, and the Division is directed to clarify its rules for the filing of claims authorized by Section 440.25(1).
MILLS and SHIVERS, JJ., concur.