432 So.2d 812 (1983)
CONE BROTHERS CONTRACTING and Whiting National Services, Appellants,
v.
Daniel E. ROGERS (Deceased), and Louise C. Rogers (Claimant), Appellee.
No. AP-9.
District Court of Appeal of Florida, First District.
June 15, 1983.
Nancy L. Cavey of Earle & Thompson, St. Petersburg, for appellants.
Ramon Clark Calafell, Jr. of Wagner, Cunningham, Vaughan & McLaughlin, Tampa, for appellee.
MILLS, Judge.
This is an appeal by the employer/carrier from an order of the deputy commissioner finding that Louise Rogers was a dependent of her son, Daniel Rogers, the deceased employee, and therefore entitled to death benefits pursuant to Section 440.16, Florida Statutes (1981). Because of the lack of competent substantial evidence to justify this finding, we reverse.
The record in this case shows that at the time of his death, the decedent was living at home with his mother, Mrs. Rogers. He *813 gave her $40 per week cash, bought groceries each week at a cost of approximately $50, contributed extra cash from time to time, and performed various household services. The deputy commissioner determined that the decedent contributed approximately $411 per month to his mother in cash and services. The record further shows that Mrs. Rogers was a registered nurse who earned in excess of $19,000 in 1981 and had a savings account of $3,130. In addition to making the monthly mortgage payments, she paid all utilities, real estate taxes, and purchased some food.
The standards which must be satisfied in order to justify a finding of dependency in a case such as this are set forth in MacDon Lumber Company v. Stevenson, 117 So.2d 487 (Fla. 1960). The evidence presented was insufficient to satisfy these standards and the finding of dependency was unjustified.
First, under MacDon, it must be shown that the contributions paid the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by the child from the parent. In this case, the deputy commissioner simply recited in his order that "the conclusion is inescapable that the employee's contributions greatly exceed the value of his lodging in his mother's modest home." There is no evidence to support such a conclusion. Although there was evidence that Mrs. Rogers paid all real estate taxes, utilities, and mortgage payments, there was no other evidence, and the deputy commissioner made no finding, as to the reasonable value of the board, lodging, and other accommodations received by the decedent from Mrs. Rogers.
Second, there was a substantial failure of proof of the value of services that the decedent provided for Mrs. Rogers. The only substantive evidence in this regard was the testimony by Mrs. Rogers that the decedent had given her $40 per week in cash and had purchased some $50 worth of groceries per week. Although there was evidence that the decedent provided lawn service, did the shopping, cooking, and performed auto and house repairs, there was no evidence of the value of these services. The deputy commissioner simply estimated that they were worth approximately $80 per month.
Finally, there was no competent substantial evidence to show that the loss of her son's contributions affected Mrs. Rogers' ability to maintain her accustomed standard of living. The record shows that after her monthly expenses are paid, Mrs. Rogers has over $1,000 per month left to spend or to save as she sees fit. The deputy commissioner's finding that she was having to accept more overtime work at her job, without more, is insufficient to justify his finding that Mrs. Rogers has been unable to maintain her accustomed standard of living.
REVERSED.
SHIVERS, J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I respectfully dissent, and would affirm the order of the deputy as supported by competent, substantial evidence.