SHIVERS, Judge.
In this workers’ compensation case, Elizabeth McCray appeals the order of the deputy commissioner which denies benefits based on a finding that Elizabeth McCray was not a dependent of her deceased son, Willie James McCray. Appellant argues that the deputy commissioner erred in failing to find dependency and in failing to award claimant’s attorney a fee for the attorneys attendance at claimants deposition. We agree, reverse and remand.
Willie James McCray died on November 4, 1980, in the course and scope of his employment with Beverly Hills Plantation. Claimant, his mother, is a sixty-one-year-old widow who has heart trouble and who has been told by her doctors that she is unable to work. Willie McCray had been living with his mother for approximately six months to one year at the time of his death. Claimant’s nine-year-old grandson, who is not Willie McCray’s child, also lives with her. Before Willie McCray began living with his mother, he gave her fifteen dollars “every week or every other week.” After moving in, he gave her forty dollars a week and was doing so at the time of his death. These payments were made regularly, and claimant had expected to receive these payments in the future. Claimant’s other income consisted of $258 a month in social security disability benefits and $111 a month in AFDC for her grandson.
After moving in, Willie McCray would sleep at claimant’s home during the week, usually arriving home at approximately 11:00 p.m. and leaving at approximately 6:30 a.m. On the weekends he stayed with his girlfriend. He would not eat breakfast or lunch at claimant’s home but would sometimes eat supper there. Claimant estimates that her food bill increased approximately $30 a month after her son moved in. Willie McCray’s employer provided him with clean uniforms, but claimant washed his underwear, which increased her laundry bill approximately $10 a month after he moved in. Claimant’s rent went up to $98 a month, a $20 increase, after her son moved in. Claimant testified that she needed the money Willie McCray was paying her in order to meet her bills. Since her son’s death, she has had trouble meeting her bills and has moved to an apartment where her rent is only $48 a month.
In December 1981, claimant’s attorney allegedly wrote letters to the employer and carrier, requesting to discuss Elizabeth McCray’s “claim.” These letters are not, however, a part of the instant record. Sub *766 sequent to the receipt of these letters, but before the claim for benefits was filed on March 10, 1982, the employer/carrier deposed claimant. At the hearing before the deputy commissioner, claimant sought death benefits, an attorney’s fee for the attendance of her attorney at her deposition, attorney’s fees due to bad faith on the part of the employer/carrier, penalties, interest, and costs. The deputy commissioner denied the claim, finding that Elizabeth McCray was not a dependent of her son and that Willie McCray’s contributions were reimbursements for living expenses. The deputy commissioner also found that one of the letters written by claimant’s attorney to the carrier in December 1981, amounted to a “claim” and that, therefore, no attorney’s fee was due.
MacDon Lumber Co. v. Stevenson, 117 So.2d 487 (Fla.1960), lists several criteria which must be met by a claimant to prove dependency for purposes of workers’ compensation dependency benefits. Appellee argues that appellant fails to meet two of these criteria:
5. That if the contributions are made by a child to a parent with whom the child is living and from whom the child is receiving board, lodging, or other accommodations of value, it must be shown that the contributions paid the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by the child from the parent; and
6. That what is a substantial contribution sufficient to create actual dependency must in each instance be determined by the extent to which the contributions of the deceased employee enabled the dependent to maintain his or her accustomed standard of living.
Id. at 492. We disagree and find that the above criteria have been met.
Claimant’s monthly income while her son Willie lived with her, including the approximately $172 per month contributed by him, was $541. Mr. McCray’s contribution, therefore, accounted for approximately 32% of claimant’s total income. Claimant’s rent while her son lived with her was $98 per month. Since there were three people living under claimant’s roof, and since Willie McCray only spent five nights a week staying with claimant, we think that he would have more than “pulled his own weight” if he had contributed half of the monthly rent, $49. Claimant’s testimony was uncontroverted that she spent an extra $30 a month for food and an extra $10 a month for laundry because her son was living with her. Therefore, the reasonable value of the board, lodging and other accommodations received by Willie McCray is $49 plus $30 plus $10, or $89 per month. Mr. McCray’s contribution, therefore, exceeded this amount by $83 per month. This means that his contribution amounted to approximately 15% of the household budget over and above the amount which he paid as the reasonable value of board, lodging and other accommodations. We find this amount substantial on the facts of this case. While a wealthy person might be unaffected by a 15% diminution in monthly income, a person with a total monthly income of $541 would almost certainly be unable to maintain his or her accustomed standard of living following a 15% diminution. In Ramer’s Feed Inc. v. Fleig, 414 So.2d 17 (Fla. 1st DCA), rev. denied, 424 So.2d 762 (Fla.1982), this court found that a 13% diminution in a mother’s income could support a finding of dependency where the mother’s total income was $821.
Appellees argue that appellant’s standard of living has not changed because her rent is $50 per month less since she moved following her son’s death. It is clear, however, that the $50 per month decrease in rent cannot compensate for the $172 per month decrease in monthly income, even after subtracting expenses caused by Willie McCray. Claimant’s testimony that she continues to have problems paying her bills without her son’s support is uncontroverted. Therefore, we find that the facts sub judice meet the criteria of MacDon Lumber Co. v. Stevenson, and the deputy commissioner’s conclusion of non-dependency is erroneous.
*767 Section 440.30, Florida Statutes (1981), provides that if the employer/carrier takes claimant’s deposition and no claim has been filed, then the employer/carrier must pay the claimant’s attorney a reasonable fee for attending the deposition. In the instant case, claimant’s deposition was taken January 26,1982, and the claim for benefits was filed March 10, 1982. Appellees, however, point out that a notice to controvert was filed in this case by the employer/carrier immediately following decedent’s accident in 1980. Appellees cite Ridge Pallets, Inc. v. John, 406 So.2d 1292 (Fla. 1st DCA 1982), for the proposition that a notice to controvert constitutes the filing of a claim for purposes of section 440.30. Although Ridge Pallets contains language which supports this proposition, the facts and rationale of that case distinguish it from the case at bar. In Ridge Pallets, the worker had filed a wage loss form BCL-13b with the employer and carrier. Subsequently, the employer/carrier deposed the worker and then filed a notice to controvert. This court held that the “claim” was not filed for purposes of section 440.30 until after the notice to controvert was filed because it was at that point that the Division had notice of the asserted right to benefits and began its independent investigation under sections 440.20(10)(b) and 440.19(1), Florida Statutes. In the instant case, the notice to controvert was filed on November 25, 1980, shortly after the accident. Appellant’s formal claim for benefits was not filed until March 10, 1982, and it was only subsequent to that time that the Division investigated and rendered an advisory decision pursuant to section 440.19(1). Therefore, based on the rationale of Ridge Pallets and a literal reading of section 440.30, a reasonable attorney’s fee should be awarded claimant’s attorney for attending claimant’s deposition.
Accordingly, the order of October 26, 1982, is REVERSED and this cause REMANDED for further proceedings.
ROBERT P. SMITH, Jr. and NIMMONS, JJ., concur.