*147
ORDER

The Court sua sponte corrects the name of appellee in the caption of this ease, as re-fleeted in the caption of this order. This court’s opinion filed April 13, 1994, is hereby withdrawn, and the attached opinion is substituted therefor.
PER CURIAM.
This case is before us on appeal from an order of the judge of compensation claims (JCC) awarding elaimant/appellee Jean Reid parental dependency benefits. We reverse because there is no competent substantial evidence to support the JCC’s conclusion that claimant satisfied all the elements for such benefits as prescribed by MacDon Lumber Co. v. Stevenson, 117 So.2d 487, 492 (Fla.1960).
This unfortunate ease began on April 14, 1992, when Steven Reid (hereinafter Reid) was shot and killed in a robbery while working at a Seven-Eleven store. Reid’s mother, Jean Reid (hereinafter claimant), filed a claim seeking parental dependency benefits, penalties, costs, and attorney fees. Appellants The Southland Corporation and Kem-per Insurance (hereinafter the E/C) denied the claim on the grounds that she was not dependent on Reid.
The record showed that Reid (30 years old) lived with claimant (64 years old) basically from birth until his untimely death.. During his adult years, Reid had consistently paid claimant $35 per week. Reid also paid approximately $18 per month for cable television, bought a new television, and occasionally contributed toward food and extra telephone charges. Reid sometimes did household repairs or made contributions toward such repairs. Claimant testified that she relied on and budgeted Reid’s contributions to meet her expenses.
Claimant was a part-time transcriptionist at a doctor’s office and a part-time home health aide. In 1991, claimant had a total income of approximately $18,423, consisting of $11,893 in wages, $6,000 in alimony, and $530 in interest. Claimant had a certificate of deposit with a balance of $17,108, funded primarily from retirement benefits from a previous job. She also owned a $42,000 condominium with a $38,000 mortgage, on which she paid $270 per month. Her utilities were approximately $125 per month, and her car payment was $207 per month. She roughly estimated her food bill to be $200 per month, All totaled, her monthly expenses were approximately $1,100.
Following a hearing, the JCC determined that claimant was a dependent parent of Reid and awarded her dependency benefits. In his final order, the JCC found that Reid provided continuous and substantial support to claimant’s living situation. The JCC stated, “It is difficult to put a dollar value on [Reid’s assisting in home repairs and maintenance], but his availability certainly eased the financial and emotional burden of taking care of the consistent problems in dealing with maintenance in any housing situation.” The JCC then stated:
7. I conclude that the contributions of Steven Reid were important and significant to [claimant], and substantial in the sense that the amounts paid by Steven Reid significantly affected her lifestyle and afforded her a measure of financial comfort.
A mother and son living together is not a market place living arrangement. There is no value for me to place on this and the [E/C have] offered no testimony as to the fair market value of home, housing, or rental, for me to compare this to. I conclude that this relationship of mother and son was such that Mrs. Reid would not likely have even rented her condo (or part of it) to someone else and she probably also would not have collected any monies from her son or “charged” him anything, if he was not working and able to provide financial support. Thus, I discount any significance in trying to weigh these contributions against whatever “market value” there may have been for room, etc. Even if some value needs to be placed on it, there is no evidence of that value and I believe the value would be so awkward to determine that it would be de minimis in light of the employee’s contributions to his mother.
*148 8. It is therefore clear to me that [claimant] was dependent upon Steven Reid at the time of his death.
The E/C’s appeal followed.
Our standard of review is whether there is CSE supporting the JCC’s finding that the parent was dependent. MacDon Lumber Co. v. Stevenson, 117 So.2d 487, 492 (Fla.1960); Cone Bros. Contracting v. Rogers, 432 So.2d 812 (Fla. 1st DCA 1983). The burden is on the dependent parent to show that she was dependent on the deceased for support. MacDon Lumber, supra; Carroll Steel Erectors v. Alderman, 599 So.2d 181 (Fla. 1st DCA 1992), review denied, 602 So.2d 941 (1992). According to MacDon Lumber, an individual claiming dependency benefits must show six essential elements, one of which is the following:
[I]f the contributions are made by a child to a parent with whom the child is living and from whom the child is receiving board, lodging or other accommodations of value, it must be shown that the contributions paid to the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by child.
MacDon Lumber, 117 So.2d at 492. The E/C argue here that claimant failed to meet her burden as to this element. We agree.
Claimant presented no direct evidence that her son’s contributions exceeded, in substantial amount, the reasonable value of the board, lodging, and other accommodations received by Reid from claimant. This dearth of evidence was apparent in the lack of findings in the JCC’s order. Further, after closely examining the record on our own, we cannot find evidence from which it could reasonably be determined that this requirement was satisfied. See, e.g., Carroll Steel, 599 So.2d at 185.
The evidence showed that claimant paid a $270-per-month mortgage payment, approximately $125 per month for utilities, and approximately $200 per month for food. The value of Reid’s room and board would be approximately half these expenses or $297 per month. See McCray v. Beverly Hills Plantation, 437 So.2d 764 (Fla. 1st DCA 1983); Carroll supra. The evidence further showed that Reid’s monthly contributions to claimant ranged from $170 to $200.[1] Even the $200 amount does not substantially exceed or even meet the value of the benefits received by Reid in living with claimant. See Cone Brothers, supra (no evidence supporting conclusion that decedent’s contribution greatly exceeded the value of lodging in his mother’s modest home, where the only substantive evidence was that decedent gave mother $40 per week and spent $50 per week on groceries); compare McCray, supra (court reversed JCC’s finding of nondepen-denee where decedent’s contributions equaled 13 percent of household budget after paying equivalent value of board and lodging.); and Carroll, supra (decedent paid more than his pro-rata share of the mortgage payment, all the utilities, all food, and helped with insurance premiums). As stated in MacDon Lumber, “[i]f the decedent’s contribution is offset by the value of the board and room received, he is doing no more than to ‘pull his own weight’; he is merely supporting himself, with nothing leftover to represent support of dependents.” MacDon Lumber, 117 So.2d at 492. Here, the evidence failed to show that Reid “pulled his own weight.” Therefore, we reverse.
BOOTH, MICKLE and LAWRENCE, JJ., concur.

. Two hundred dollars would be a generous estimate, taking into account Reid's occasional contributions to food and repairs, which claimant testified were "infrequent.”