BENTON, J.
Winn Dixie Stores, Inc., and Sedgwick Claims Management Services, Inc., appeal the final order that awards the parents of Felix Yglesias death benefits pursuant to section 440.16(l)(b)4., Florida Statutes (1999). While we agree with appellants that the statute does not make claimants eligible for benefits if they and their decedents were merely “mutually dependent,” we are persuaded that the judge of compensation claims was guided by the correct standard in the present case, and duly applied all six criteria set out in MacDon Lumber Co. v. Stevenson, 117 So.2d 487, 492 (Fla.1960), in determining that the parents qualified as dependents.
“[A] showing of dependency is prerequisite to recovery of compensation for death of an employee.” Amsler v. Sox Meat Packers, Inc., 75 So.2d 207, 207 (Fla.1954). At the time of his death on January 1, 1999, Felix Yglesias was a twenty-five-year-old residing with his parents, one of whom was disabled. The judge of compensation claims found that his
contributions were substantial and exceeded the value of board, lodging and other accommodations received by the decedent. I accept the claimant’s position that the decedent’s contribution to the household expenses was in excess of 20% of the total household income. As such, the diminution of monthly income in excess of 20% subsequent to the death of the decedent was substantial and testimony of the claimants is accepted that they were dependent on the decedent. The contributions made by the decedent were regular and were expected to continue in the future.... Based on the totality of the evidence before me, I find that the claimants have substantiated that they were dependent on the decedent and are entitled to continuing death benefits....
See generally Southland Corp. v. Reid, 647 So.2d 146, 148 (Fla. 1st DCA 1994); Carroll Steel Erectors v. Alderman, 599 So.2d 181, 185 (Fla. 1st DCA 1992); McCray v. Beverly Hills Plantation, 437 So.2d 764, 766 (Fla. 1st DCA 1983); Cone Bros. Contracting v. Rogers, 432 So.2d 812, 813 (Fla. 1st DCA 1983); Melweb Signs, Inc. v. Wright, 394 So.2d 475, 476-77 (Fla. 1st DCA 1981).
*1235 The judge of compensation claims identified the “primary element which is at issue in this case” as “whether the decedent’s contribution substantially exceeded the reasonable value of board, lodging and other accommodations received by the child,” noting that the “contribution made by decedent to his parents in this case consists of monetary contribution and in-kind contribution.” After reviewing the evidence— including undisputed testimony that the decedent turned over all his income to his parents ($14,094 the year before he died) — the judge of compensation claims concluded that Mr. Yglesias’s contribution did in fact exceed the reasonable value of board, lodging, and other accommodations received from his parents. In addition to his monetary contributions, he performed numerous services for his parents, the economic value of which was uncontroverted. We cannot say that the evidence adduced at hearing does not furnish competent, substantial support for the finding that the parents are entitled to benefits “on account of dependency upon the deceased.” § 440.16(l)(b), Fla. Stat. (1999). See Southland Corp., 647 So.2d at 148 (“Our standard of review is whether there is [competent substantial evidence] supporting the JCC’s finding that the parent was dependent”); Carroll Steel Erectors, 599 So.2d at 184 (“The evidence fairly demonstrates appellees’ inability to maintain their standard of living without their son’s monthly contributions and services.”).
Affirmed.
DAVIS and POLSTON, JJ., CONCUR.