BASKIN, Judge.
Appellant Rothstein seeks review of a final summary judgment limiting appellee Honeywell’s liability as to damages awarded Rothstein for Honeywell’s failure to install a burglar alarm system in Rothstein’s home in accordance with the terms of the parties’ contract. Honeywell cross-appeals an interlocutory order denying its motion for summary judgment on the initial complaint, and in the event the final judgment under review is reversed, seeks relitigation of all issues. We reverse.
After a burglary occurred at her home, Rothstein contacted Honeywell and entered a contract with Honeywell for the installation of an alarm system. Although Rothstein made a down payment, and Honeywell’s representative signed a work order confirming a September completion date, the system was never installed. On October 13, 1980, Rothstein’s home was burglarized and valuable items removed. Rothstein sued Honeywell for damages resulting from its alleged breach of contract, negligence, and gross negligence. The tri *1021 al court dismissed the gross negligence count but denied Honeywell’s motion for summary judgment as to the remaining counts. Rothstein filed an amended complaint adding a third count alleging fraud and misrepresentation. A successor trial judge entered summary judgment in favor of Rothstein but granted Honeywell’s motion for “summary judgment” to limit its liability.[1] The court ordered Honeywell to return the down payment and to pay $250 in damages, the maximum recoverable under the contract provision limiting liability.
We find error in the trial court’s limitation of recoverable damages. The construction of a contract presents a question of law if the language is clear and unambiguous. See Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla.1986). In the case before us, the contract contains two pertinent provisions: one clause expresses “Limits of Contractor’s Liability,” and another clause provides that “[t]he term of this agreement is two years from the date of installation completion and from year to year théreafter.” These provisions indicate that the clause limiting liability does not become effective until the system is completely installed and, therefore, applies only to post-installation problems. Thus, the paragraph limiting Honeywell’s liability does not insulate Honeywell’s failure to install the alarm system.
Accordingly, we reverse the final judgment under review and remand the cause for further proceedings consistent with this opinion, including relitigation of issues of causation and liability as alleged. As to those questions, as well as the fraud claim, see Richards v. Wax, 511 So.2d 433 (Fla. 2d DCA 1987); Levy v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981), genuine issues of material fact remain for decision. See Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded.
SCHWARTZ, C.J., concurs.

. Appellant Rothstein argues that the successor trial judge improperly granted Honeywell’s motion for summary judgment as to the breach of contract and negligence counts because Honeywell’s prior motion involving identical counts had been denied by the predecessor trial judge. See Unger v. Bergness, 172 So.2d 627 (Fla. 3d DCA 1965). Our reversal of the final summary judgment disposes of this issue.