659 So.2d 419 (1995)
FUN SPREE VACATIONS, INC., Appellant,
v.
The ORION INSURANCE COMPANY, Holidays International, Inc., Bliss Holidays International, Inc., and Bliss Van Den Heuvel, Appellees.
No. 94-393.
District Court of Appeal of Florida, Third District.
August 9, 1995.
Rehearing Denied September 13, 1995.
*420 Joe N. Unger; Kaplan & Freedman, for appellant.
Stearns Weaver Miller Weissler Alhadeff & Sitterson and Bradford Swing; Buckner & Shifrin and Robin Buckner, for appellees.
Before BARKDULL, GERSTEN and GREEN, JJ.
PER CURIAM.
Fun Spree Vacations, Inc. ("Fun Spree") appeals a final summary judgment determining that The Orion Insurance Company ("Orion") had no duty to defend or indemnify its insured, Holidays International, Inc. ("Holiday"), Bliss Holidays International, Inc. ("Bliss Holidays") and Bliss Van Den Heuvel, defendants in a negligence and breach of contract action brought by Fun Spree. We affirm.
Fun Spree was in the business of selling to the general public memberships in a discount travel club. Fun Spree purchased certificates for discount vacation packages from Holiday and Bliss Holidays and distributed them free of charge to potential customers as part of its marketing and sales program.
Orion insured Holiday and Bliss Holidays under a Special Multi-Peril liability policy covering various aspects of their travel business.[1] Included in the policy was coverage for all sums that Holiday and Bliss Holidays became legally obligated to pay because of various "offenses committed in the conduct of the named insureds' business", including "the publication or utterance of a libel or slander or of other defamatory or disparaging material." The Orion policy was issued and became effective on January 17, 1987.
Fun Spree filed its initial complaint in this action against Holiday, Bliss Holidays and their principal, Heuvel, individually, after its customers could not obtain the promised vacation packages. The factual allegations in the complaint alleged that the defendants promised travel benefits and amenities and either knowingly or negligently misrepresented their intention or ability to provide the services and that they permitted others to deny Fun Spree access to the promised accommodations.[2] Fun Spree alleged that as a result of the negligent or intentional misrepresentations by defendants it lost its reputation, credit and recognition in the travel industry and that its business was destroyed *421 by the defendants' actions. There was no allegation in the complaint about the defendants making defamatory or disparaging comments about Fun Spree to third parties. Further amendments to the complaint filed by Fun Spree also failed to make the allegations necessary to state a cause of action for defamation.[3]
Orion undertook a defense of Holiday, Bliss Holidays and Heuvel under a reservation of rights. At the same time, Orion sought to intervene in the action, seeking a declaratory judgment that it had no duty to defend and that its policy provided no coverage for the claims asserted in the third amended complaint.
Fun Spree and the defendants then entered into a stipulation for the entry of consent judgment. The consent judgment provided for Fun Spree to recover from the defendants a sum of $1,000,000, plus interest. Orion filed its second amended complaint for intervention and sought an additional declaratory judgment that it had neither a duty to pay any portion of the consent judgment nor a duty to indemnify any of the defendants if they paid the judgment. All parties filed motions for summary judgment on the question of whether Orion had a duty to defend. The trial court ruled in favor of Orion.
After examining the allegations of the third amended complaint against the insureds, as well as the allegations in the second amended complaint in intervention, we find that Orion had no duty to defend nor to indemnify the defendants.
The basic law controlling this appeal is well settled. An insurance carrier's duty to defend a claim depends solely upon the allegations in the complaint National Union Fire Ins. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); State Farm Fire & Casualty Co. v. Compupay, Inc., 654 So.2d 944 (Fla. 3d DCA 1995); Psychiatric Assoc. v. St. Paul Fire & Marine Ins. Co., 647 So.2d 134 (Fla. 1st DCA 1994); Grissom v. Commercial Union Ins. Co., 610 So.2d 1299 (Fla. 1st DCA 1992), rev. denied, 621 So.2d 1065 (Fla. 1993). Posigian v. American Reliance Ins. Co., 549 So.2d 751 (Fla. 3d DCA 1989). It is equally well settled that the duty to defend is broader than, and distinct from, the duty to indemnify. Psychiatric Assoc., 647 So.2d at 137; Irvine v. Prudential Property and Casualty Ins. Co., 630 So.2d 579 (Fla. 3d DCA 1993); Marr Inv., Inc. v. Greco, 621 So.2d 447 (Fla. 4th DCA 1993). If the complaint, fairly read, alleges facts which create potential coverage under the policy, the insurer must defend the lawsuit. State Farm, 654 So.2d at 945-46; Morgan Int'l Realty, Inc. v. Dade Underwriters Ins. Agency, 617 So.2d 455 (Fla. 3d DCA 1993); Grissom, 610 So.2d at 1307.
The personal injury provision in the policy allows coverage for "the publication or utterance of a libel or slander or of other defamatory or disparaging material." The third amended complaint fails to allege that the defendants said anything defamatory or disparaging about Fun Spree to third parties; it is devoid of any allegation of libel or slander. The absence of such allegations is fatal. "[I]t is essential to a cause of action [for defamation] that the alleged slanderous or disparaging statement be made or published to some third person." State Farm, 654 So.2d at 948, (citing 50 Am.Jur.2d Libel & Slander § 545 (1970).
Fun Spree argues that, under the correct test to determine whether the allegations of the third amended complaint were sufficient to create a duty to defend, the trial court was obligated to resolve any doubt in favor of the insured. Fun Spree maintains that there is at least a reasonable inference to be drawn that the words uttered by defendants to members of the travelling public discredited Fun Spree and its reputation. However, "the allegations in the complaint control in determining the insurer's duty to defend." Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 814 (Fla. 1st DCA 1985). Inferences are not sufficient. Marr Inv., 621 So.2d at 449 (duty to defend *422 determined solely by the allegations in the complaint, not by actual facts nor any party's version of the facts).
We hold that Orion had no duty to defend Holiday, Bliss Holidays and Van Den Heuvel because the third amended complaint did not contain factual allegations which would bring the complaint within the policy coverage. Since Orion had no duty to defend the insureds, correspondingly, there is no duty to indemnify them nor to pay the consent judgment.
The judgment below is affirmed.
NOTES
[1] A Special Multi-Peril policy provides a narrower scope of liability coverage than would be provided by a comprehensive general liability policy. The Special Multi-Peril policy also was not a professional liability policy. Policies with the broader scope of coverage could have been purchased by the defendants.
[2] Holiday and Bliss Holidays were shut down by the Florida Department of Legal Affairs sometime in early 1987 due to the numerous customer complaints, especially for failure to refund deposits.
[3] Heuvel subsequently admitted in his deposition that some of his employees may have blamed Fun Spree in part for the delays and inability to honor the holiday packages. Despite these admissions, the complaint was not amended to include any allegation that Holiday, Bliss Holidays or any of their employees made defamatory or disparaging remarks about Fun Spree.