679 So.2d 355 (1996)
ILLINOIS INSURANCE EXCHANGE and Britamco Underwriters, Inc., Appellants,
v.
SCOTTSDALE INSURANCE CO., Tiffany's, and Carylann Hotel Properties, Inc., Appellees.
No. 96-482.
District Court of Appeal of Florida, Third District.
September 11, 1996.
*356 Conroy, Simberg & Lewis and Hinda Klein, Hollywood, for appellants.
Riley & Knoerr and Jacqueline G. Emanuel, Ft. Lauderdale, for appellees.
Before BARKDULL, JORGENSON and LEVY, JJ.

CORRECTED OPINION
PER CURIAM.
The opinion originally released in this case on August 14, 1996, is withdrawn and this opinion is substituted in its stead.
Illinois Insurance Exchange and Britamco Underwriters, Inc. (hereinafter "Illinois"), defendants below, appeal a trial court order granting a motion for summary judgment in favor of Scottsdale Insurance Company (hereinafter "Scottsdale"), Tiffany's, and Carylann Hotel Properties, Inc. in a declaratory judgment action for indemnification of attorney's fees and costs.
On August 8, 1987, Tiffany's, a bar located in Miami Beach, served four underaged persons (hereinafter "the claimants") alcohol. After leaving Tiffany's, the claimants were attacked by several young men as they walked to their car. The claimants sued Tiffany's, alleging that Tiffany's had breached its duty of reasonable care by also serving alcohol to other underaged persons who became intoxicated and, thereafter, attacked the claimants.
Tiffany's submitted the individual claims to its premises liability carrier, Scottsdale. Scottsdale insured Tiffany's against premises liability claims, excluding liquor liability *357 claims[1], while Illinois insured against claims resulting from Tiffany's furnishing of alcoholic beverages to underage persons.[2] On January 28, 1988, Scottsdale notified Illinois of the lawsuit against Tiffany's and requested that Illinois defend the claim because it was based on liquor liability and Scottsdale's policy excluded liquor claims. Illinois refused to defend the claim.
Scottsdale defended Tiffany's under a reservation of rights pursuant to Section 627.426, Florida Statutes (1988). After Scottsdale paid $88,286 to settle the claims and accrued $26,610 in attorney's fees and costs, Scottsdale and Tiffany's sued Illinois, seeking a declaratory judgment, alleging that Illinois must indemnify Scottsdale for its attorney's fees and costs incurred in defending the negligence action and for the sums Scottsdale expended in settlement of the claims. Scottsdale and Illinois filed cross summary judgment motions. Scottsdale argued that the claimants' action fell within both policies and that Illinois had a duty to defend and, consequently, to indemnify Scottsdale. In its motion, Scottsdale requested an award of fifty percent of the settlement funds paid and fifty percent of the attorney's fees and costs incurred in defending Tiffany's. Illinois, on the other hand, argued that there was no coverage because there was no evidence that alcohol had caused the attack. The trial court granted Scottsdale's motion for summary judgment and denied Illinois' motion for summary judgment. Illinois appeals this order.
The trial court properly granted Scottsdale's summary judgment motion regarding indemnification for fifty percent of Scottsdale's attorney's fees and costs incurred in defending the negligence action because both Scottsdale and Illinois had a concurrent duty to defend their insured, Tiffany's. In determining when an insurer's duty to defend may arise, this court has stated:
An insurance carrier's duty to defend a claim depends solely upon the allegations in the complaint ... [T]he duty to defend is broader than, and distinct from, the duty to indemnify. If the complaint, fairly read, alleges facts which create potential coverage under the policy, the insurer must defend the lawsuit.
Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995) (citations omitted); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985). The claimants' complaint alleged facts sufficient to create potential coverage under both policies. Scottsdale had a duty to defend Tiffany's because the complaint alleged a claim of premises liability. Illinois had a duty to defend because the complaint alleged that Tiffany's had served alcohol to underaged persons, causing their intoxication.
Since Scottsdale's policy excluded liquor liability claims, and since Illinois' policy specifically covered liquor liability claims, Illinois was the primary insurer on the negligence claim and Scottsdale was the excess insurer. "The fact that a carrier which is secondarily liable also had a duty to defend the insured does not deprive the carrier of its right to be indemnified for the cost of defending the insured." United States Auto. Ass'n v. Hartford Ins. Co., 468 So.2d 545, 548 (Fla. 5th DCA), rev. denied, 476 So.2d 676 (Fla.1985); see also Associated Elect. & Gas Ins. Servs., Ltd. v. Ranger Ins. Co., 560 So.2d 242 (Fla. 3d DCA 1990). Accordingly, Scottsdale is entitled to half of the attorney's fees and costs that it incurred while defending Tiffany's.
The trial court erred, however, in granting Scottsdale's motion for summary judgment regarding the indemnification of *358 settlement funds because an issue of material fact existed concerning whether the service of alcohol had caused the claimants' injuries. The duty to indemnify is narrower than the duty to defend, and there must be a determination that coverage exists before a duty to indemnify arises. Baron Oil Co., 470 So.2d at 813; Keller Indus. Inc. v. Employers Mut. Liab. Ins. Co. of Wis., 429 So.2d 779, 780 (Fla. 3d DCA 1983)("[A]n unjustified failure to defend does not require the insurer to pay a settlement where no coverage exists."); Pastori v. Commercial Union Ins. Co., 473 So.2d 40, 41 (Fla. 3d DCA 1985)("[C]ourts have no power simply to create coverage out of the whole cloth when none exists on the face of an insurance contract...."). The record, as it presently exists, fails to prove whether or not the improper service of alcohol by Tiffany's to minors was the proximate cause of the injury or loss suffered by the claimants. We therefore reverse the trial court's order granting Scottsdale's summary judgment motion as to the indemnification for settlement funds, because of the material issue of fact that exists regarding whether the service of alcohol to minors contributed to the claimants' damages. "A summary judgment cannot stand where genuine issues of material fact exist." Marquez v. Heim Corp., 632 So.2d 85, 86 (Fla. 3d DCA), rev. denied, Kelly v. Marquez, 641 So. 2d 1345 (Fla.1994); Rothstein v. Honeywell, Inc., 519 So.2d 1020 (Fla. 3d DCA 1987)(reversing final summary judgment because issues of causation, liability, and fraud remained).
Accordingly, this cause is remanded for further appropriate proceedings to allow a factual determination regarding whether the improper service of alcohol caused the injury to the claimants. If it did, Illinois is also liable in indemnification to Scottsdale in connection with the settlement funds. If not, Scottsdale will collect nothing from Illinois in connection with the settlement funds.
Affirmed in part and reversed in part.
NOTES
[1] Scottsdale's insurance policy, one of comprehensive general liability, covered bodily injury and property damage, but excluded claims relating "to bodily injury or property damage for which the insured or his indemnity may be held liable as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages...."
[2] Illinois policy provided coverage resulting from the following: "(1) causing or contributing to the intoxication of any person; (2) the furnishing of alcohol[ic] beverages to a person under the legal drinking age or under the influence of alcohol; or (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages...."