758 So.2d 692 (1999)
Fran McCREARY and Cain McCreary, Appellants,
v.
FLORIDA RESIDENTIAL PROPERTY AND CASUALTY JOINT UNDERWRITING ASSOCIATION, Appellee.
No. 98-3516.
District Court of Appeal of Florida, Fourth District.
September 29, 1999.
Opinion on Motions for Clarification and Rehearing February 9, 2000.
*693 Gregg R. Schwartz of Law Offices of Gregg R. Schwartz, P.A., Miami, for appellants.
Rebecca L. Jenkins and Jennifer A. Kerr of Powers, McNalis, Moody & Groelle, Lake Worth, for appellee.
BLANC, PETER D., Associate Judge.
Fran McCreary and Cain McCreary, appellants, are homeowners who were sued in Broward County Court for damages and injunctive relief by their neighbor, L. Anton Rebalko. Rebalko alleged that the appellants failed to adequately control, supervise, and confine their dogs to their own premises, allowed the dogs to roam free in the neighborhood without a leash and that such acts resulted in damages including damage affecting the use and enjoyment of Rebalko's property.[1]
Upon receipt of the complaint for damages and injunctive relief, appellants made a demand upon their insurance provider, pursuant to the terms of their homeowners insurance policy, to provide them with a defense against the complaint. In response to that demand, Florida Residential Property and Casualty Joint Underwriting Association, the appellee, advised the appellants that their homeowner's policy did not afford insurance coverage for the claims alleged in the action filed by Rebalko and that the appellee was not obligated to provide them with a defense in that action.
Appellants then filed suit in Circuit Court against the appellee for breach of contract and for declaratory judgment pursuant to chapter 86, Florida Statutes (1997). The appellants also requested attorney's fees pursuant to section 627.428, Florida Statutes (1997). In their suit the appellants alleged that the homeowner's policy issued by the appellee states that if a claim is made or suit is brought against the insured for damages because of "bodily injury" or "property damage" caused by "an occurrence" to which this coverage applies, they will pay up to their limit of liability for damages for which the insured is legally liable and provide a defense at their expense by counsel of their choice, even if the suit is groundless, false or fraudulent. Pursuant to the aforesaid terms appellants alleged that the appellee was obligated to provide both a defense and indemnification.
Both parties moved for summary judgment. On August 24, 1998, the trial court entered an order granting the appellee's motion for summary judgment and on September 8, 1998, the trial court entered a final judgment against the appellants finding no duty to defend or to indemnify. This appeal followed.

*694 AN OCCURRENCE

An "occurrence" is defined in the policy as an accident, including continuous or repeated exposure to substantially the same harmful conditions, which result, during the policy period, in "bodily injury" or "property damage." The Rebalko complaint alleges:
On several occasions Defendants, have knowingly permitted their dogs to freely roam about the parties' neighborhood without restriction or supervision. At other times Defendants have taken walks with their dogs without confining them to leashes. On several other occasions these dogs have entered the Plaintiffs premises, without the Plaintiffs consent causing an immediate danger to Plaintiff and his pets.
* * *
Defendants' failure to adequately control, supervise and confine their dogs to their own premises constitutes an ongoing clear and present danger ...
At first blush, it appears that the complaint describes intentional actions which may not meet the policy requirement that the "occurrence" that is the subject of the lawsuit must be "an accident." However, the term accident is not defined in the policy itself. In this instance the supreme court has provided guidance. In State Farm Fire & Casualty Co. v. CTC Development Corp., 720 So.2d 1072, 1072, 1075 (Fla.1998), the supreme court held:
[W]hen the term "accident" is undefined in a liability policy, the term includes not only "accidental events," but also damages or injuries that are neither expected nor intended from the viewpoint of the insured.
* * *
Thus, if the resulting damages are unintended, the resulting damage is "accidental even though the original acts were intentional."
(quoting JOHN ALAN APPLEMAN & WALTER F. BERDAL, INSURANCE LAW AND PRACTICE § 4492.02 at 33 (rev. ed.1979)).
Pursuant to this definition, the Rebalko complaint clearly alleges an "occurrence" within the meaning of the policy.

PROPERTY DAMAGE
"Property damage" is defined in the policy as physical injury to, destruction of, or loss of use of tangible property. The Rebalko complaint alleged damages as follows:
Defendants' failure to adequately control, supervise and confine their dogs to their own premises constitutes an ongoing clear and present danger to the health, safety and comfort of Plaintiff in the use and enjoyment of his property and ultimately renders unsafe and insecure Plaintiff in the use and enjoyment of his own property.
On its motion for summary judgment the appellee argued, and the trial court agreed, that appellee did not have to provide a defense because the Rebalko complaint did not allege "property damage." Although it is clear that the Rebalko complaint does not allege physical injury to or destruction of tangible property, it is unclear whether the language of the complaint describes a "loss of use" of tangible property. Admittedly, the language of the Rebalko complaint does not contain the specific language, "loss of use of property." However, the issue before the trial court on summary judgment was whether or not the pertinent language of the Rebalko complaint sufficiently described a "loss of use of property" so as to defeat summary judgment on the issue of appellee's duty to defend and/or indemnify.
"Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties, and ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared *695 the policy." Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d 176, 179 (Fla. 4th DCA 1997) (citation omitted). Furthermore, insuring or coverage clauses are construed in the broadest possible manner to affect the greatest extent of coverage. See id. However, "[t]he duty of an insurer to defend is determined solely by the allegations of the complaint against the insured" and "an insurer has no duty to defend a suit against an insured if the complaint upon its face alleges a state of facts that fails to bring the case within the coverage of the policy." Marr Invs., Inc. v. Greco, 621 So.2d 447, 449 (Fla. 4th DCA 1993) (quoting Reliance Ins. Co. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988)); Liberty Mut. Ins. Co. v. Lone Star Indus., Inc., 661 So.2d 1218, 1220 (Fla. 3d DCA 1995).
The appellee distinguishes between an occurrence which renders one unsafe and insecure in the use and enjoyment of his property and actual loss of use of property. The appellee argues that the Rebalko complaint at best creates only an inference that Rebalko lost use of his property and that inferences are not sufficient to bring a complaint within an insurer's duty to defend. See Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995). However, an insurer must defend a lawsuit against its insured if the underlying complaint, when fairly read, alleges facts which create potential coverage under policy. See id. Although the language of the Rebalko complaint does not specifically include "loss of use of property," Rebalko's claim that the actions of the appellants "ultimately renders unsafe and insecure Plaintiff in the use and enjoyment of his own property," when fairly read, creates a factual issue as to the loss of use of the property of the appellants. As such, entry of summary judgment on this issue was error.

INDEMNIFICATION
"If an insurance company breaches its contractual duty to defend, the insured can take control of the case, settle it, and then sue the insurance company for the damages it incurred in settling the action." MCO Envtl., Inc. v. Agricultural Excess & Surplus Ins. Co., 689 So.2d 1114, 1116 (Fla. 3d DCA 1997) (citing Taylor v. Safeco Ins. Co., 361 So.2d 743, 746 (Fla. 1st DCA 1978)). "The duty to indemnify is narrower than the duty to defend, and there must be a determination that coverage exists before a duty to indemnify arises." Illinois Ins. Exch. v. Scottsdale Ins. Co., 679 So.2d 355, 358 (Fla. 3d DCA 1996) (citations omitted). Further, "an unjustified failure to defend does not require the insurer to pay a settlement where no coverage exists." Id. (quoting Keller Indus. Inc. v. Employers Mut. Liab. Ins. Co. of Wis., 429 So.2d 779, 780 (Fla. 3d DCA 1983)).
We, therefore, conclude that summary judgment was improperly granted on both the issue of the duty to defend and the issue of indemnification and remand this matter to the trial court for further proceedings consistent with this ruling.
KLEIN and TAYLOR, JJ., concur.

ON MOTIONS FOR CLARIFICATION AND REHEARING
BLANC, PETER D., Associate Judge.

MOTIONS FOR CLARIFICATION
Both parties made motions for clarification and seek to determine whether this court's opinion reversing the entry of summary judgment for appellee established that appellee had a duty to defend appellants based upon the allegations of the pleading or whether the existence of such a duty must be made by the trier of fact in the lower court. The duty to defend must be determined solely by the allegations of the complaint. See Marr Invs., Inc. v. Greco, 621 So.2d 447, 449 (Fla. 4th DCA 1993). In that regard, this court found that plaintiff's complaint, when fairly read, creates a factual issue as to the *696 loss of use of property of appellants, and therefore, determined that summary judgment in favor of the appellee, insurer, was error. See Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995). However, the trial court's order denying appellants' motion for summary judgment on the same issue of duty to defend was not appealed and was not before this court. Therefore, it would not be proper for this court to opine on matters not properly before it by, in effect, reviewing appellant's motion for summary judgment. This court limited its opinion to the record before it and properly offered no opinion on the order which was not appealed. We are confident that we can rely on the learned trial judge to follow the law and the limited directives of our original opinion.

MOTION FOR REHEARING
Appellee's motion for rehearing simply re-argues the position asserted in its brief. Therefore, the motion for rehearing is denied.

ATTORNEY'S FEES
Appellants' request for attorney's fees was based upon a single sentence within appellants' initial brief. However, attorney's fees must be requested by filing a separate motion. See Fla. R.App. P. 9.400(b); Melweb Signs, Inc. v. Wright, 394 So.2d 475, 477 (Fla. 1st DCA 1981); Munroe Mem'l Hosp. v. Thompson, 388 So.2d 1338, 1339 (Fla. 1st DCA 1980). Furthermore, "the failure to file a motion for attorney's fees in accordance with Florida Rule of Appellate Procedure 9.400(b) is a proper basis for the denial of attorney's fees on appeal." Salley v. City of St. Petersburg, 511 So.2d 975, 977 (Fla.1987). Accordingly, appellants' request for attorney's fees is denied.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] A count for breach of an oral agreement between Rebalko and the McCrearys was also alleged, but the contract action is not the subject of this appeal since it is specifically excluded by the policy.