[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15266
_____

D.C. Docket No. 8:11-cv-00776-SCB-TGW

EVANSTON INSURANCE COMPANY,

Plaintiff-Appellee,

versus

DOUGLAS D. HEEDER,
JAMES KOTSOPOULOS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 18, 2012)

Before HULL, MARCUS and HILL, Circuit Judges.

PER CURIAM:

Defendants Douglas Heeder and James Kotsopoulos appeal the district court's declaratory judgment that Plaintiff Evanston Insurance Company has no duty to defend or indemnify Defendant Heeder as to the underlying state court lawsuit brought by Kotsopoulos against Heeder for negligent supervision, management, direction and control of roofing work at a Holiday Inn.  After review and oral argument, we affirm.

## I.  BACKGROUND

In 2005, James Kotsopoulos contracted with Tom Cook Construction, Inc., ("Cook") to perform roof work at a Holiday Inn in St. Pete Beach, Florida.  Cook was not a licensed contractor.  Instead Douglas Heeder obtained the required permit using his contractor's license.  Cook performed the roof work improperly, and Kotsopoulos sued Heeder for failing to supervise, manage, direct and control Cook's roof work.  The Florida court ordered judgment in favor of Kotsopoulos and against Heeder.

Heeder had a Commercial General Liability Policy with Evanston Insurance Company, an Illinois corporation, which named as insureds: "Advantage Residential Roofing, Inc and Douglas D. Heeder."  The "Classification Limitation Endorsement" ("CLE") in Heeder's policy limited the scope of the policy's coverage.  It stated that the coverage provided by this policy "applies only to those

2

operations specified in the application for insurance on file with the company <u>and</u> described under the 'description' or 'classification' on the declarations of the policy." (emphasis added). In Heeder's Commercial Insurance Application for the Evanston policy, Heeder wrote "Residential Roofing Contractor—Re-Roofing Specialist, Primarily Shingles" under the heading labeled "Nature of Business/Description of Operations by Premise(s)."[1] The "Business Description" on the policy's "Declarations" page states "Roofing Contractor," and the "Classification" on the "Extension of Declarations" page states "Roofing—Residential."

In 2011, Evanston sought a declaratory judgment in federal court that it had no duty to defend or indemnify Heeder in connection with Kotsopoulos's suit which involved a roof on a commercial project. Heeder and Kotsopoulos counterclaimed for (1) a declaratory judgment that Evanston had a duty to defend and indemnify Heeder under the policy, and (2) breach of contract. The district court granted summary judgment to Evanston, and Heeder and Kotsopoulos appeal.

---

[1]The third page of the Application, under Commercial General Liability Section, contains a "Schedule of Hazards" which also twice refers to "Roofing - Residential."

3

## II.  DISCUSSION[2]

Under Florida law, "an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage."  Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442–43 (Fla. 2005).  The insurer "has no duty to defend a suit where the complaint upon its face alleges a state of facts which fails to bring the case within the coverage of the policy."  Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So. 2d 533, 535 (Fla. 1977).

"[I]nsurance contracts are construed according to their plain meaning. Ambiguities are construed against the insurer and in favor of coverage."  Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005).  A policy provision is ambiguous if it is "susceptible to more than one reasonable interpretation, one providing coverage and the []other limiting coverage."  Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000).

The duty to defend is broader than the duty to indemnify.  Jones, 908 So. 2d at 443.  Accordingly, where an insurer has no duty to defend, it has no duty to

---

[2] We review a district court's grant of summary judgment de novo.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law.  Fed. R. Civ. P. 56(a); Holloman, 443 F.3d at 836-37.

indemnify.  See Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So. 2d 419, 422 (Fla. 3d DCA 1995).

Heeder's policy's CLE limited the scope of Heeder's insurance coverage. Per the CLE, Heeder's policy "applies only to those operations specified in the application for insurance on file with the company and described under the 'description' or 'classification' on the declarations of the policy." (emphasis added).  A plain reading of the CLE suggests that, for an operation to be covered under the policy, that operation must be both (1) specified in the insurance application, and (2) described under either the "description" or "classification" on the policy's declarations.  The only operation that satisfies both requirements is the residential roofing operation listed under the "Nature of Business/Description of Operations by Premise(s)" heading in Heeder's insurance application and in the "Classification" on the "Extension of Declarations" page of the policy.  The CLE thus limits Heeder's coverage under the policy to residential roofing.

Heeder and Kotsopoulos dispute this reading of the CLE.  They argue that the CLE language is ambiguous because, in addition to the above interpretation, the CLE may be read alternatively to cover operations specified in either (1) the insurance application; (2) the "description" in the policy's declarations; or (3) the "classification" in the policy's declarations.  In effect, Heeder and Kotsopoulos

argue that the word "and" in the CLE may be read in the disjunctive, and that this ambiguity should be resolved in favor of the insured.

The word "and" sometimes operates in the disjunctive.  See Shaw v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 605 F.3d 1250, 1253–54 (11th Cir. 2010).  However, "the potential for confusion does not mean that every occurrence of the word and is ambiguous."  Id. at 1254.  "The general rule in this circuit—and in Florida—is that unless the context dictates otherwise, the word 'and' is presumed to be used in its ordinary sense, that is, jointly."  Id. (internal quotation marks and alteration omitted).  Nothing in the policy gives reason to interpret the CLE's use of "and" to mean "or."  We thus construe the CLE according to its plain meaning, which limits Heeder's coverage to residential roofing.

Kotsopoulos's state court complaint against Heeder did not relate to residential roofing.  Accordingly, Evanston has no duty to defend or indemnify Heeder in that action.

**AFFIRMED.**

6