WILLIAM P. DIMITROULEAS, United States District Judge
THIS CAUSE is before the court upon Plaintiff Colony Insurance Company ("Plaintiff" or "Colony")'s Motion for Summary Judgment [DE 53] and Intervenor Plaintiff Great American Alliance Insurance Company ("Intervenor Plaintiff" or "Great American")'s Motion for Summary Judgement [DE 69], filed herein on April 27, 2018 and June 26, 2018, respectively. The Court has carefully considered the Motions [DEs 53, 69], Defendant's Responses [DEs 58, 64, 71, 72], Colony's Replies [DEs 63, 66], argument by counsel at the hearing on July 13, 2018, and the record herein. The Court is otherwise fully advised in the premises. For the reasons stated herein, Plaintiffs' Motions are granted and summary judgment is entered in favor of Plaintiffs.[1]
I. BACKGROUND:
Plaintiff issued Policy No. 103 GL 0011600-01 ("the Policy") to ARM Purchasing Group ("ARM") of Austin, Texas, covering the period from November 1, 2016, to November 1, 2017. ¶ 4.[2] ARM is comprised *1184 of similar businesses and entities that are exposed to similar liabilities, who have grouped together to purchase insurance. ¶ 5. Courtyards HOA is one of the entities that purchased insurance through ARM. ¶ 5. The Policy contains a Commercial General Liability Coverage Form, which provides coverage for bodily injuries and property damages that occur in the coverage territory and occur during the coverage period. ¶ 6. According to the Policy, Plaintiff will have the right and duty to defend the Courtyards HOA against any "suit" seeking those damages. ¶ 6. However, the Policy states that Plaintiff will have no duty to defend Courtyards HOA against any suit seeking damages for bodily injury or property damage to which the insurance does not apply. ¶ 6. Notably, the Policy contains an exclusion entitled "Total Pollution Exclusion" ("the Exclusion") which includes a "Building Heating, Cooling and Dehumidifying Equipment Exception" ("the Exception"). ¶ 7.
Ursula Maria Alvarez ("Alvarez"), rented a condominium unit (the "Unit") located in Broward County, Florida. ¶ 12. Courtyards HOA was in control of all common elements for the Unit at all relevant times. ¶ 13. On August 7, 2017, Alvarez and Jose E. Rodriguez Jr. ("Rodriguez Jr."), who was either a co-tenant or invited guest, died from carbon monoxide poisoning. See ¶¶ 13,17. The carbon monoxide is believed to have come from a motor vehicle in the Unit's garage ¶ 13. The carbon monoxide became airborne and seeped into the A/C ducts or vents, causing the carbon monoxide gas to be distributed to the second floor bedroom, where it was unknowingly inhaled by Alvarez and Rodriguez Jr., resulting in their deaths. ¶¶ 13, 17. Alvarez's mother, Luisa Antonia Guido ("Guido"), filed a wrongful death complaint ("the State Complaint") in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, against Courtyards HOA and other defendants, identified as Case No.: 2017-026424-CA-01. ¶ 11.
On December 14, 2017, Colony, the insurer of Courtyards HOA, filed a Complaint [DE 1] against Guido, Courtyards HOA, and Steven Rodriguez ("Rodriguez"), the court-appointed personal representative of the estate of Rodriguez Jr., (collectively "Defendants") for declaratory relief. Colony seeks a judgment that it owes Courtyards HOA no duty to defend in the underlying state court action. Colony filed an Amended Complaint [DE 15] on January 25, 2018. Great American, who issued a Commercial Umbrella General Liability insurance policy ("the Umbrella Policy to Courtyards HOA, filed an Intervenor's Complaint [DE 36] on March 16, 2018. Guido filed an amended complaint for her wrongful death action on May 15, 2018.[3]
On April 27, 2018, Plaintiff filed its Motion for Summary Judgment [DE 53] arguing that, as a matter of law, it has no duty to defend or indemnify Courtyards HOA in the underlying action filed by Guido or for any claims Rodriguez has made or will make against Courtyards HOA relating to the deaths of Alvarez and Rodriguez Jr. ¶ 19. Great American filed its Motion for Summary Judgment [DE 69], making essentially the same arguments as Colony. For the reasons set forth below, Colony and Great American's Motions for Summary Judgment are granted.
II. LEGAL STANDARD
Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant *1185 summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." Sauve v. Lamberti , 597 F.Supp.2d 1312, 1315 (S.D. Fla. 2008) (citing Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ).
The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. , 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325, 106 S.Ct. 2548. After the movant has met its burden under Rule 56(c), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party must come forward with "specific facts showing a genuine issue for trial." Id. at 587, 106 S.Ct. 1348.
"A fact [or issue] is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." Kerr v. McDonald's Corp. , 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.' " Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast , 492 F. App'x 16, 26 (11th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." Id. at 26-27 (citing Anderson , 477 U.S. at 252, 106 S.Ct. 2505 ). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." Rich v. Sec'y, Fla. Dept. of Corr. , 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).
III. DISCUSSION
The issue in this case is whether Plaintiffs have a duty to defend Courtyards HOA in the underlying State court action against Courtyards HOA. An insurer's duty to defend its insured against a legal action arises when the complaint against the insured alleges facts that fairly and potentially bring the suit within policy coverage. See Jones v. Fla. Ins. Guar. Ass'n , 908 So.2d 435, 442-43 (Fla. 2005). An insurer's duty to defend is determined strictly from the allegations of the complaint against the insured. Id. at 443. "[I]nferences that can be made from the allegations of the complaint 'are not sufficient' to trigger the duty to defend." Wackenhut Services v. National Union Fire Ins. Co. , 15 F.Supp.2d 1314, 1321 (S.D. Fla. 1998) (quoting Fun Spree Vacations, Inc. v. Orion Ins. Co. , 659 So.2d 419, 421 (Fla. 3d DCA 1995) ). An applicable exclusion precludes coverage if an exception to the exclusion does not apply. See *1186 Divine Motel Group, LLC v. Rockhill Insurance Company , 655 F. App'x. 779, 782 (11th Cir. 2016).
According to the Exclusion, the Policy does not provide coverage for " '[b]odily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." ¶ 8.[4] The allegations in the State Complaint state that Alvarez and Rodriguez Jr. died from carbon monoxide poisoning. ¶¶ 13, 17. Courts applying Florida law have consistently held that pollution exclusions with similar language to the Exclusion preclude coverage for injuries or damages caused by carbon monoxide, unless an exception to the exclusion applies. See Admiral Ins. Co. v. Feit Management Co. , 321 F.3d 1326 (11th Cir. 2003) ; See Composite Structures Inc. v. Cont'l Ins. Co. , 560 F. App'x. 861, (11th Cir. March 20, 2014) (unpublished) (the insured's complaint "alleged loss or damage resulting from exposure to excessive amounts of carbon monoxide and carbon monoxide fumes; this loss or damage falls squarely within the pollution exclusion, and [the insured] does not argue otherwise."). Carbon monoxide is a pollutant under the Policy, so the allegations in the State Complaint fall within the Exclusion. If an exception to the Exclusion does not apply, then the allegations do not fall within the Policy's coverage and Plaintiffs do not have a duty to defend Courtyards HOA.
Defendants argue the allegations in the State Complaint bring the claim within the Exception to the Exclusion. The Exception provides that the Exclusion does not apply to
"Bodily injury" if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests ...
¶ 8.[5] According to Plaintiffs, the allegations in the State Complaint do not fall within the Exception because the allegations state that the carbon monoxide is believed to have come from a motor vehicle that was left running in the garage attached to the Unit. ¶ 13. Defendants argue the actual source of the carbon monoxide is unknown, because the allegations only state that the carbon monoxide is believed to have come from the motor-vehicle. Since the source is unknown, Defendants would have the Court find that the carbon monoxide may have been produced by or originated from the building's heating, cooling, or dehumidifying equipment, so the Exception could potentially apply. However, Plaintiffs' duty to defend Courtyards HOA cannot arise from an inference that the carbon monoxide could have been produced by, or originated from, equipment used to heat, cool, or dehumidify the Unit. See Wackenhut Services , 15 F.Supp.2d at 1321 (holding an insurer's duty to defend cannot arise from inferences that can be made from the allegations in the complaint). The State Complaint only lists the motor-vehicle left running *1187 in the garage as a potential source of the carbon monoxide, and the Court cannot infer any other sources to create a duty to defend.
Defendants also argue that the carbon monoxide entered the Unit through A/C ducts or vents, so the carbon monoxide originated from the ducts or vents, and the allegations fall within the Exception. See Jones v. Fla. Ins. Guar. Ass'n , 908 So.2d at 442-43 ; See also Wackenhut Services v. National Union Fire Ins. Co. , 15 F.Supp.2d at 1321. However, this argument does not conform with the meaning of "produced by or originating from" in the Exception. For the purposes of the Exception, the carbon monoxide was produced by or originated from the motor-vehicle, not the A/C ducts or vents. See Admiral Ins. Co. , 321 F.3d at 1329-30 (holding where carbon monoxide came from a hot water heater, but entered apartments through their heating systems, the fumes originated from and was produced by the hot water heater rather than the heating system). ¶ 13. As the Eleventh Circuit noted when analyzing a policy with a pollution exclusion and heating equipment exception nearly identical to the Exclusion and the Exception,
If toxic fumes escaping from anywhere-not just the building's heating equipment-were covered so long as they somehow make their way into a building's heating and air conditioning ducts, then virtually all incidents involving fumes and vapors would be covered since it would be the rare case in which such pollutants did not make their way into the building's ventilation system. To interpret the exception in this way would cause it to virtually swallow up the pollution exclusion itself.
Admiral Ins. Co. , 321 F.3d at 1330. Here, as in Admiral Insurance Co. , the fact that the carbon monoxide entered the unit through the A/C ducts or vents does not mean that the carbon monoxide was produced by, or originating from, the ducts or vents. The CO originated from and was produced by the motor vehicle. Accordingly, the facts alleged do not fall within the Exception. Therefore, as a matter of law, Plaintiffs have no duty to defend Courtyards HOA in the underlying state court action.
IV. CONCLUSION
For the purposes of the Exclusion in the Policy, carbon monoxide is a pollutant, so the Exclusion applies to preclude coverage. Additionally, for the purposes of the Exception to the Exclusion, carbon monoxide does not originate from A/C ducts or vents merely because it travels through them, and the State Complaint does not allege the carbon monoxide was produced by or originated from equipment used to cool, heat, or dehumidify the Unit. Based on the allegations from the State Complaint, the Exception does not apply, and the allegations in the State Complaint do not fall within the Policy's coverage.
For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:
1. Plaintiff Colony Insurance Company's Motion for Summary Judgment [DE 53] is GRANTED;
2. Intervenor Plaintiff Great American Alliance Insurance Company's Motion for Summary Judgment [DE 69] is GRANTED.
3. Declaratory judgment is entered in favor of Plaintiffs Colony Insurance Company and Great American Alliance Insurance Company.
4. Pursuant to Fed. R. Civ. P. 58(a), the Court shall enter a separate final judgment.
*1188 DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida, this 17th day of July, 2018.

The Court assumes that by granting summary judgment to Plaintiffs in this action for declaratory judgment, this Order dispose of the issues related to all parties in this case, including LUISA ANTONIA GUIDO Personally and as Personal Representative of the Estate of Ursula Maria Alvarez.

Except where otherwise noted, facts are taken from uncontested portions of Colony's Statement of Facts ("SOF") [DE 54]. The Statements of Fact and responses thereto include various citations to specific portions of the record. Any citations herein to the statements of facts and responses thereto should be construed as incorporating those citations to the record.

The allegations relevant to this action remain unaffected.

The Umbrella Policy also contains an exclusion that precludes coverage for bodily injuries, property damage, personal injury, advertising injury, or any other liability caused by pollutants. Great American Alliance Ins. Co.'s SOF [DE 70] at ¶ 13.

The Umbrella Policy contains a similar Exception, which provides that the pollution exclusion does not apply to bodily injury or property damage in a building caused by smoke fumes vapor or soot from heating equipment in that building. Great American Alliance Ins. Co.'s SOF [DE 70] at ¶ 13.